# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF IOWA.

---

### JULY TERM 1840.

Hon. CHARLES MASON, CHIEF JUSTICE.
 " JOSEPH WILLIAMS, } ASSOCIATE JUDGES.
 " THOMAS S. WILSON, }

---

## C. A. Ballard *vs.* Ridgley & Billon.

*Error to Louisa.*

Where a rule of decision relative to the remedy is changed by statute, the new rule will be applicable to all cases subsequently tried, although they might have been commenced prior to the enactment of the statute.

The statute of this territory despensing with the necessity of proving the names of the individuals composing a firm, took effect in cases previously commenced, if tried afterwards.

The declaration in this case was upon a promissory note. It set forth that Charles Ridgley & Henry Billon, trading and doing business under the name, style, and description of Ridgley & Billon, complains, &c. Subsequently to the filing of the declaration, but before the trial of the case it was enacted, by a statute of the territory, " that in all suits

brought in any court of the territory upon any promissory note, bond, bill or other instrument of writing, made payable to, or by any corporate body, by their corporate name, or any association of individuals, by their associate name, or partners trading together, under their partnership name and style, it shall only be necessary to prove the corporate, associate or partnership name and style, without proving the name of the individuals who compose the same, &c." On the trial, the partnership name and style of the firm was proved, but not the names of the individuals composing the same. Judgment was rendered for the plaintiff below, and thereupon a bill of exceptions was tendered and the case brought to this court.

The case was submitted to the Supreme Court without argument.

PER CURIAM, MASON, CHIEF JUSTICE.—This cause has been submitted without argument, and even without stating the points relied upon, farther than they are contained in the bill of exceptions. The action below, however, it appears, was upon a promissory note given by the plaintiff in error to the firm of Ridgley & Billon, by their partnership name. On the trial, the existence of the firm was proved, but not the individual names of the partners composing it. The court decided this to be sufficient, and this decision was undoubtedly correct, being in direct accordance with the statute of this territory in relation to promissory notes, &c., approved, January 4, 1839. It is true, this suit was commenced previous to the passage of that act, but the trial took place afterwards, and the rules of decision in all the subsequent proceedings, so far as they relate merely to the remedy, must be regulated by that statute. The judgement below is therefore affirmed.