| 91 | 28 |
| 91 | 512 |
| 91 | 28 |
| 100 | 31 |
| 91 | 28 |
| †108 | 80 |
| 108 | 81 |
| 91 | 28 |
| 110 | 564 |
| 91 | 28 |
| 112 | 474 |

## I. N. WHITTAM, Contestant, Appellant, v. J. E. ZAHORIK, Incumbent.

Elections: Australian Ballot Law: Acts Twenty-fourth General Assembly: THREE NAMES FOR SAME OFFICE. Where three candidates for justice of the peace are placed on both the democratic and the republican ticket, a cross placed in the democratic circle, and one or more crosses in squares before the name or names of republican nominees for justice, such ballot counts, so far as that office is concerned, for such republican candidates, only. (Sec. 25.)

1 OPPOSING CANDIDATES. The relative location of two names of candidates for the same office, on different party tickets, does not oppose one candidate to the other.

3 Construction of Ballot. Where the party circle is marked, no cross made in squares before the name of any candidate of the same party can be counted.

SAME. Nor a ballot that has no cross in either circle or any square.

8 SAME. A ballot which is not marked, substantially, within a circle or square with a character which is, substantially, a cross, should be rejected.

4
7 SAME: INTENTION. It is not enough that the intent of the voter is clear, it must be expressed in the manner provided by law.

10 Identification Marks. Where a slight mark which is unauthorized is inadvertently made, and is not of a character to be readily used as a means of identification, the ballot should be counted. If the mark be deliberately made and may be used to identify the ballot, it should be rejected.

9 SAME: WHAT ARE.

6 SAME: CONSENT OF VOTER. Where an identification mark is made by others without the knowledge or consent of the voter, the ballot should be counted.

11 Practice on Appeal: PARTY NOT APPEALING: REVIEW. An incumbent who does not appeal can not urge, on contestant's appeal, that ballots of a kind held illegal here, were below, counted for contestant.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

TUESDAY, MAY 15, 1894.

ACTION to contest the election of the incumbent to the office of justice of the peace. The court organized for the trial rendered judgment in favor of the contestant. From that judgment the incumbent appealed to the district court. After the evidence had been submitted in that court, the jury was directed to return a verdict in favor of the incumbent, which was done, and judgment was rendered on the verdict. The contestant appeals.—*Reversed.*

*Rickel & Crocker* for appellant.

*Heins & Heins* for appellee.

ROBINSON, J.—Three justices of the peace were to be elected in and for Rapids township, in Linn county, at the general election held in the year 1892. The republican party of that township nominated, as candidates for the office named, Isaac N. Whittam, the contestant, C. W. Burton, and George H. Pollins, and caused their names to be placed upon the ballots which were cast at that election. The democratic party of the township nominated, as candidates for the same office, Joseph Moore, William H. Storrs, and J. E. Zahorik, the incumbent, and their names were also placed on the official ballots. Those were printed, as required by section 14 of chapter 33 of the Acts of the Twenty-Fourth General Assembly. As the result of the election, the democratic nominees were declared elected. No question is made in regard to the election of any of them excepting the incumbent. The total number of votes cast for the contestant, which are unquestioned, was two thousand, two hundred and fourteen, and the number cast for the incumbent, and not questioned, was two thousand, two hundred and ten. In addition, one hundred and ninety-six ballots were cast which are in dispute. Of those,

twenty-six offered by the contestant and fifty-four offered by the incumbent were received in evidence, and ninety-two offered by the contestant and twenty-four offered by the incumbent were rejected. One of the ballots offered by the incumbent was counted for him, and also for the contestant. The district court thus counted two thousand, two hundred and forty-one votes for the contestant, and two thousand, two hundred and sixty-four, or a majority of twenty-three, for the incumbent.

Section 14 of the election law, to which we have referred, contains the following: "The names of all candidates to be voted for in each election district or precinct shall be printed on one ballot; all nominations of any political party or group of petitioners being placed under the party appellation or title of such party or group, as designated by them in their certificates of nominations or petitions, or, if none be designated, then under some suitable title.  *  *  * The ballots shall be on plain white paper, through which the printing or writing can not be read. The party appellation or title shall be printed in capital letters, not less than one fourth of an inch in height; and a circle one half inch in diameter should be printed at the beginning of the line in which such appellation or title is printed. The names of the candidates shall be printed in capital letters, not less than one eighth of an inch nor more than one fourth of an inch in height, and at the beginning of each line in which the name of the candidate is printed, a square shall be printed, the sides of which shall not be less than one fourth of an inch in length. The list of candidates for the several parties and groups of petitioners shall be placed in separate columns on the ballots, in such order as the authorities charged with the printing of the ballots shall decide. Each of the columns containing the list of candidates including the party appellation shall be separated by a distinct

line." The act contains certain provisions in regard to printing and furnishing the ballots, the duties of the members of the election board, the arrangement of the place of voting, and other matters which we need not specify. Section 22 contains the following: "On receipt of his ballot, the voter shall forthwith, and without leaving the inclosed space, retire alone to one of the voting booths so provided, and shall prepare his ballot by making in the appropriate margin or place a cross (×) opposite the name of the candidate of his choice for each office to be filled, or by writing in the name of the candidate of his choice in a blank space on said ticket, making a cross (×) opposite thereto; * * * provided, however, if he shall desire to vote for all the candidates of one political party, or group of petitioners, he may place such mark at the appropriate place, preceding the appellation or title under which the names of the candidates of such party or group of petitioners, are printed; and the ballots so marked shall be counted as cast for all the candidates named after that title; provided, further, that the voter may place such mark at the appropriate space preceding the appellation or title of any one party or group of petitioners and may also mark, at the appropriate place preceding the name or names of one or more candidates printed under the appellation or title of some other party, or group of petitioners, and a ballot so marked shall be counted as cast for all candidates named under the appellation or title which has been so marked, except as to the officers to which he has placed such mark preceding the name or names of some other candidate or candidates printed under the title of some other party or group of petitioners, and as to such, it shall be counted as cast for the candidate or candidates preceding whose name or names such mark may have been placed. * * * "

The appellant complains of the ruling of the district court in rejecting as evidence seventy-seven bal-

lots, each of which was marked with a cross in the circle preceding the party appellation, "Republican" or "Democratic," and in each of which the voter had also placed a cross in the square preceding the name of one or more of the candidates for justice of the peace printed under the other party appellation. The following illustrate the form of the ballots, and some of the various markings so made:

### 1st Illustration.

| ○ **REPUBLICAN.** | ⊗ **DEMOCRATIC.** |
|---|---|
| *Township Ticket.* | *Township Ticket.* |
| FOR JUSTICES OF THE PEACE. | FOR JUSTICES OF THE PEACE. |
| ☒ ISAAC N. WHITTAM | ☐ JOSEPH MOORE |
| ☐ C. W. BURTON | ☐ WM. H. STORRS |
| ☐ GEORGE H. POLLINS | ☐ J. E. ZAHORIK |

### 2d Illustration.

| ○ **REPUBLICAN.** | ⊗ **DEMOCRATIC.** |
|---|---|
| *Township Ticket.* | *Township Ticket.* |
| FOR JUSTICES OF THE PEACE. | FOR JUSTICES OF THE PEACE. |
| ☒ ISAAC N. WHITTAM | ☒ JOSEPH MOORE |
| ☒ C. W. BURTON | ☐ WM. H. STORRS |
| ☐ GEORGE H. POLLINS | ☐ J. E. ZAHORIK |

### 3d Illustration.

| ⊗ **REPUBLICAN.** | ○ **DEMOCRATIC.** |
|---|---|
| *Township Ticket.* | *Township Ticket.* |
| FOR JUSTICES OF THE PEACE. | FOR JUSTICES OF THE PEACE. |
| ☒ ISAAC N. WHITTAM | ☒ JOSEPH MOORE |
| ☐ C. W. BURTON | ☒ WM. H. STORRS |
| ☐ GEORGE H. POLLINS | ☐ J. E. ZAHORIK |

*4th Illustration.*

| REPUBLICAN. | | DEMOCRATIC. | |
|---|---|---|---|
| ⊗ | *   *   * <br> *Township Ticket.* <br> FOR JUSTICES OF THE PEACE. | ◯ | *   *   * <br> *Township Ticket.* <br> FOR JUSTICES OF THE PEACE. |
| ☒ | ISAAC N. WHITTAM | ☐ | JOSEPH MOORE |
| ☐ | C. W. BURTON | ☒ | WM. H. STORRS |
| ☐ | GEORGE H. POLLINS | ☐ | J. E. ZAHORIK |

On none of the seventy-seven ballots were the names of more than three candidates for justice of the peace marked by placing crosses in the squares. It is claimed by the appellee that in all these ballots more names were marked for that office than there were persons to be elected; hence, that the ballots should not be counted for any of the candidates. It will be noticed that section 22 provides three, distinct methods of preparing ballots, as follows: *First,* by making a cross in the appropriate place opposite the name of each candidate for whom the voter desires to vote; *second,* if he shall desire to vote for all the candidates of one political party, or group of petitioners, by making a cross in the appropriate place preceding the appellation or title under which the names of the candidates of such party or group are printed; *third,* by making a cross in the appropriate space preceding the appellation or title of any one party, or group of petitioners, and also by making a mark at the appropriate place preceding the name or names of one or more candidates, printed under the appellation or title of some other party, or group of petitioners. The cross is used in all cases to show affirmatively the choice of the voter. When it is placed in the square opposite the name of a candidate, it indicates with certainty that the voter desires his ballot to be counted for that candidate. When it is placed in the circle opposite the title of a party or group, it indicates that the voter wishes his ballot to be count-

ed for all the candidates of that party, excepting as he has otherwise indicated by marking in one or more squares opposite the names of one or more candidates of another party or of other parties. When he has made a cross in the circle opposite the appellation of one party, and has also made a cross in the square opposite the name of a candidate of another party he has shown a desire to vote for all the candidates whose names are printed under the party appellation marked, excepting the candidate for the office for which he has marked the name of the candidate of another party, and that he wishes his ballot counted for that candidate whose name he has marked. In such case the specific marking controls the general, and the ballot must be counted for the candidate whose name is marked by a cross in the opposite square, and not for the candidate for the same office whose name is printed under the party appellation the circle of which is marked. The provision of the statute applicable to such a case is mandatory and plain. The ballot "shall be counted for the candidate or candidates preceding whose name or names such mark may have been placed." Where but one candidate for an office is to be elected, no difficulty can arise in counting such a ballot. But section 25 of the act under consideration provides that "if a voter marks more names than there are persons to be elected to an office, or if for any reason it is impossible to determine the voter's choice for an office to be filled, his ballot shall not be counted for such office." In this case three candidates were to be elected, and it is said that where the voter marked the circle opposite the title of one party, and a square opposite the name of a candidate for justice of the peace of another party, he marked four names for that office; and that, under the provisions of section 25 quoted, his ballot should not be counted for that office. If that is the law, the intent of the voter as to one

of the candidates, expressed plainly in the manner provided by the law, must be disregarded. In the first illustration of the ballots under consideration which we have given, a cross was placed in the circle opposite the word "Democratic." None of the squares opposite the names of candidates for justice of the peace printed under that appellation are marked, but the square opposite the name of the contestant on the republican ticket is marked. The facts, that the party appellation of one ticket and the name of the contestant on the other were marked, and that the name of the contestant was opposite and on the same line as that of Moore, do not show that the voter intended to vote against Moore and for the other democratic nominees. There is no sufficient ground for saying that one person is a candidate against another because their names are printed in the same order, and opposite each other, on the ballot. When there is more than one candidate on each ticket for an office, each voter decides for himself whom he will regard as opposing candidates. That is shown by the markings on the second and third illustrations we have given, where names arranged in the same order and printed in the same line were both marked.

The question presented is, how many names of candidates for the office of justice of the peace are marked on the two tickets? The methods by which the voter may indicate his choice of candidates are two: *First.* By making a cross in the appropriate place preceding the party appellation; *second,* by making a cross in the appropriate place preceding the name of a candidate. In the first method the party ticket is marked, and the names of the candidates for whom the voter wishes to cast his ballot are indicated, but, strictly speaking, it can not be said that the names on the ticket are marked. By the second method the ballot is marked, it is true, but it is done by marking

the names of the candidates for whom the ballot is to be cast.   In one method the ticket may be said to be marked, in the other the names of candidates; and both methods may be used on one ballot.  We conclude that, within the meaning of the law, the name of but one candidate was marked on the ballot abstracted in our first illustration.   But the statute says that, where a ballot is marked with a cross in the circle preceding a party appellation, it "shall be counted as cast for all candidates named under the appellation or title which has been so marked except as to the officers to which he has placed such mark preceding the name or names of some other candidate or candidates printed under the title of some other party or group of petitioners."  In the first illustration the voter marked the circle of the democratic ticket, thereby indicating that he intended to vote for the three candidates for justice named on that ticket, excepting as that intention was affected by marking the name of the contestant on the other ticket.   But we are wholly unable to determine for which of the democratic candidates the voter intended to cast his ballot. As marked, it is a ballot for four candidates, where but three can be elected.   One of the four is clearly pointed out in the manner provided by the law as a candidate for whom the ballot must be counted, but there is nothing to indicate any preference of the voter in regard to the candidates on the democratic ticket.   It is a case where it is impossible to determine the voter's choice for two of the places to be filled, not because he has marked more names than there are persons to be elected but because he has cast his ballot for three persons for places to which but two can be elected.   His ballot was intended to be cast for the contestant, and that intention has been expressed in the manner provided by law.   It should therefore be counted for him,

but can not be counted for any other candidate for the office of justice of the peace.

II.　It is said that there is no authority for making a cross in the circle and also in a square of the same ticket, as was done in the second, third, and fourth illustrations we have given.　We think it is clear that the statute does not contemplate that plan of voting.　When the cross is placed in the circle preceding the party appellation, the ballot so marked "shall be counted as cast for all the candidates named after that title," excepting, only, that when the name or names of one or more candidates on another ticket are marked, the ballot is to be counted for the candidates on the other ticket whose names are so marked, but the ticket in which the circle preceding the title is marked is to be counted as cast for all candidates whose names are printed upon it, excepting those for offices for which names on another ticket were marked and counted as stated.　Hence, when a voter has marked his ticket by placing a cross in the circle opposite the title, he does not add to the legal effect of that marking by placing crosses in squares opposite the names of candidates on the same ticket.　It may be claimed where, as in this case, more than one person was to be elected to an office, and the number of names of candidates marked by the voter is the same as the number of persons to be elected, that he thereby clearly indicates his choice of candidates, and that his ballot should be counted for the candidates whose names are marked, even though some of the names so marked are on the ticket, the title of which is marked.　Thus, in our second and third illustrations it appears that each voter placed a cross in the circle preceding a party title, and also marked the name of one candidate for justice of the peace on that ticket and two on the other.　As the making of the cross indicates the choice of the voter, and three candidates are indicated, there

appears to be force in the claim that effect should be given to the manifest intent of the voter. But the statute applicable to that case is mandatory, and requires the ballot to be counted for all the candidates named on the ticket, the circle of which is marked, subject to the exceptions we have stated. It can not be said, with reference to the ballot set out in our second illustration, that Whittam and Burton were candidates for two of the three places against Storrs and Zahorik and therefore that the ballot should not be counted for the last two, and yet it would be necessary to so hold in order to count the ballot for Moore.

In the third illustration, to give effect to what appears to have been the intention of the voter, it would be necessary to find that Burton and Pollins were candidates against Moore and Storrs. In the fourth illustration, the circle of one ticket is marked, and the name of one candidate for the office in question is marked on each ticket. In that case, to give effect to the apparent intention of the voter, and count the ballot for but two candidates, it would be necessary to reject two names on the ticket the circle of which is marked, but there is no authority whatever for so doing. The voters who cast some of the ballots in controversy marked the circle, and also the name of a candidate for every office to be filled, marking some names on one ticket and some on the other. Suppose in such a case the voter had desired not to vote for any candidate for one of the offices to be filled. By failing to mark the name of any candidate for that office, he would have indicated with reasonable certainty that he did not wish his vote to count in filling it, but he would have failed to express his intention in the way pointed out by statute,—that is, by omitting to mark a circle, and by marking only the names of those candidates for whom he wished to vote. In the case supposed, the

statute would have required the unmarked name on the ticket bearing the marked circle to be counted. It follows from what we have said that our second, third, and fourth illustrations show ballots which, under the law, were cast for more candidates than there were places to fill, and which can not be counted, except for persons whose names were marked on tickets the circle of which was unmarked.

III.   It also follows from what we have said that a ballot marked with a cross in the circle opposite a party title, and with a cross in the square opposite the name of a candidate for the office in question printed in the other ticket, should have been counted only for the candidate on the other ticket whose name was so marked, and, if the names of more than one candidate printed on the other ticket were so marked, that the ballot should have been counted for all of them whose names were so marked.   Of the ballots under consideration, twenty-one, each marked with a circle preceding the title "Democratic," and marked with a cross in the square opposite the name of the contestant, were rejected.   They should have been received and counted for the contestant.   Twenty-three ballots, each of which was marked with a cross in the circle preceding the word "Republican," with a cross in the square opposited the name of the contestant, and with a cross in the square opposite one or more names of candidates for justice on the democratic ticket other than the incumbent, were properly rejected.   Two ballots, each marked with a cross in the circle before the word "Republican," and with a cross in the square opposite the name of the contestant, and another in the square before the name of the incumbent, were offered by the contestant, and rejected.   They should not have been counted for him, but could have been counted for the incumbent, had he offered them.   One ballot, marked with a cross in the circle before the

word "Democratic" and a cross in the square before
the name of the incumbent, and with another in the
square before the name of a republican candidate other
than the contestant, was properly rejected. Thirty
ballots, each of which was marked with a cross in the
circle before one of the party titles, and, in addition,
with a cross in the square preceding the names of one
or more candidates for justice other than the contestant
or incumbent, were properly rejected.

IV. The contestant objects to certain ballots which
were received and counted for the incumbent, on the
ground that they were not marked as required by the
statute, or were marked in violation of the statute.
Section 14 requires the ballots to be printed with a
circle at the beginning of the line in which the party
title is printed, and a square at the beginning of each
line in which the name of a candidate is printed. Sec-
tion 22 requires the voter to prepare his ballot "by
making in the appropriate margin or place a cross (+)
opposite the name of the candidate of his choice for
each office to be filled, or by writing in the name of the
candidate of his choice in a blank space on said ticket,
making a cross (+) opposite thereto; and in case of a
question submitted to the vote of the people by making
in the opposite margin or space a cross (+) against the
answer he desires to give." If the voter desires to vote
for all the candidates of one particular party, or group
of petitioners, "he may place such mark at the appro-
priate place, preceding the appellation or title under
which the names of the candidates of such party or
group of petitioners are printed." If the voter
wishes to vote for candidates on different tickets,
he "may place such mark at the appropriate space
preceding the appellation or title of any one party
or group of petitioners," and may also mark "at
the appropriate place preceding the name or names
of one or more candidates printed under the appel-
lation or title of some other party or group of peti-

tioners." Ballots marked as provided by the statute must be counted, and there is no authority for counting any which are not so marked. Section 27 contains provisions designed to compel secret ballots, and provides that "any person who shall mark or cause in any manner to be marked, on any ballot, any character for the purpose of identifying said ballot" shall be punished by fine or imprisonment, or by both.

This provision is designed to prevent identifying marks by any person, including the voter, and prohibits such marking by necessary implication. If it is done by some one without the knowledge or consent of the voter, as, by one of the election officers, it should not prevent the counting of the ballot, but, where it is done by the voter in preparing his ballot, it is a violation of the law, and, not being such a marking as the law sanctions, the ballot should not be counted. Whether a ballot should be counted does not depend solely upon the power to ascertain and declare the choice of the voter, but also upon the expression of that choice in the manner provided by the statute. In that respect the statute under consideration has made a radical change in the law. The only mark which is recognized as competent to express the choice of a voter is a cross (+), and it is not only necessary to use a cross, but it must be placed at the appropriate margin or place. It is clear that the margin or place so intended is in the circle at the beginning of the line in which the party title is printed, or in the square at the beginning of each line in which the name of a candidate is printed. That is shown by the language of the statute which we have quoted, and by the description and illustration of the manner of voting on a question submitted to a vote of the people given in section 16. It is within the power of the general assembly to prescribe regulations which the voter must follow in preparing his ballot,

and those provided for in the statute under considera-
tion are reasonable, and abundant provision is made to
enable the voter to know and follow them.   We
conclude that a ballot which is not marked with
a cross or crosses made substantially thus, "+,"
and placed substantially within the circle or square or
squares printed at the places designated, should not be
counted.   See *Parvin v. Wimberg*, 30 N. E. Rep. (Ind.
Sup.) 790; *Bechtel v. Albin*, 33 N. E. Rep. (Ind. Sup.)
967; *Sego v. Stoddard*, 36 N. E. Rep. (Ind. Sup.)
204; *In re Vote Marks*, 21 Atl. Rep. (R. I.) 962; *In re
Ballot Marks*, 27 Atl. Rep. (R. I.) 608.   Of the ballots
received and counted for the incumbent, six were not
marked with a cross in any circle or square.
One had a cross near the left of the name of
the democratic candidate for vice-president; one
had a cross near to but outside of the circle opposite
the word "Democratic;" one had a circle and cross
therein made under the word "Democratic;" one had a
cross only under that word, one had a cross above that
word, and one had a circle, without a cross, under it.
All these ballots should have been rejected.   Twenty-
seven ballots counted for the incumbent, and marked
Exhibits 58, 59, 70, 77, 124, 125, 129, 136, 138, 141
(2), 142, 143, 144, 146, 147, 148, 150, 151, 152, 153,
155, 160, 162, 163, 164 and 165, should have been
rejected.   Nearly all of them were marked only in the
party circle, and most of those so marked contained
crosses made with more than two intersecting straight
lines, and a few had other marks.   Some of these
ballots were probably marked without any intention on
the part of the voter of identifying them, but all could
have been readily used for that purpose, and none
were the crosses required by the statute.   Exhibit 128
had a mark drawn from the party circle to the first
letter "N" of the appellation "National Ticket."

Exhibit 137 had the number "12" in the upper left-hand corner. Exhibit 145 had a cross in the party circle, and another to the left of it. Exhibit 149 had a cross in the party circle, and a circle inclosing a cross made just below and at the right of the end of the word "Democratic." Exhibit 161 had a cross in the democratic circle, and the circle of the people's ticket was entirely filled with marks, perhaps placed therein to cancel a cross made by mistake. All these should have been rejected. In one ballot a cipher was placed in the square; in another a check mark ( √ ) was placed in the circle and each square of one ticket; and, in another ballot, a cross was made in the party circle, and the word "Yes" written in the squares of one of the tickets. In each of these cases the choice of the voter was plain, but he did not express it in the manner provided by the statute, excepting in the last one, where identifying marks were also used. These ballots should have been rejected. Each of four ballots was marked only with a straight line in the party circle, and should have been rejected. It is not practicable to adopt a rule in regard to identifying marks which would be applicable in all cases. It will not do to say that all ballots which bear marks not authorized by law should be rejected. All voters are not alike skillful in marking. Some are not accustomed to using a pen or pencil, and may place some slight mark on the ballot inadvertently, or a cross first made may be clumsily retraced. It is evident that in such cases, and in others where the unauthorized mark is not of a character to be used readily for the purpose of identification, the ballots should be counted, but where the unauthorized marks are made deliberately, and may be used as a means of identifying the ballot, it should be rejected.

V.   The appellee complains that ballots similar in marking to some of those we hold should have been excluded were offered by the contestant, and counted for him, but, as the incumbent does not appeal, we can not determine the question he thus presents.   The conclusions announced show that the district court rejected votes which should have been counted for the contestant, and counted votes for the incumbent which should have been rejected, sufficient in number, if the count was otherwise properly made, to have authorized a judgment for the contestant. The errors committed are not shown to have been without prejudice to him, and the judgment of the district court is therefore REVERSED.