STATE OF IOWA, *ex rel.* DETLEF HAGGE JR. v. FRANK HAGEN, Appellant.

**Australian Ballot Law: Construction.** Two councilmen are to be chosen out of three candidates. One party ticket bears two, and the other the third name. *Held,* where a party circle is marked, a cross put before the name of one candidate on the same ticket, and another before the name of one candidate on the other party ticket, whose circle is not marked, it amounts to just one vote, and that for the candidate on whose ticket the party circle is not marked. This rule does not apply where there are but two candidates for one office.

SAME. Writing out the name of a candidate is of no avail unless a cross is marked in the square before his name.

*Appeal from Carroll District Court.*—HON. GEORGE W. PAINE, Judge.

SATURDAY, SEPTEMBER 29, 1894.

QUO WARRANTO to determine the rights of the relator and the defendant to the office of councilman in the incorporated town of Arcadia. The district court gave judgment for the relator, and the defendant appealed.—*Reversed.*

*W. R. Lee* for appellant.

*F. M. Powers* for appellee.

GRANGER, C. J.—The case was submitted to the district court upon an agreed statement of facts, of which the following is the important part, on this trial:

"It is hereby stipulated and agreed by and between the parties hereto that this statement contains all the evidence in the case, and that this statement shall stand as the evidence in the case, both on trial in the district court and in the supreme court on appeal: That there was a municipal election for the election of the officers of the incorporated town of Arcadia on the fifth day of March, 1894, at Arcadia, Iowa, at which election Frank Hagen, Detlef Hagge Jr., and J. B. H. Feenstra were candidates for the office of trustee or councilman of said incorporated town of Arcadia. That there were but two trustees or councilmen to be elected at said election, and that the names of the said three candidates were printed upon the tickets or ballots used at said election. Copy of the tickets used are set out below. That at said election said J. B. H. Feenstra was duly elected councilman. That at said election Frank Hagen received fifty-one votes, which were counted for him, and Detlef Hagge, Jr., received fifty-one votes, which were counted for him. That the name 'D. Hagge' was written in the blank space in the last ticket, as indicated by the script, but with no other mark of any kind, and without the X. That at said election two certain ballots were cast which were not counted for either Frank Hagen or Detlef Hagge, Jr., but were rejected. The ballots so rejected were as follows, and designated as 'Ballots A and B':

**BALLOT A.**

**BALLOT B.**

The statement of facts further shows that the judges of election refused to count either of the ballots, and by lot determined the defendant to·be the incumbent. The district court found the issues with the relator, and gave judgment of ouster against the defendant.

I. The question arising on Ballot A is practically considered and settled in *Whittam v. Zahorik*, 91 Iowa, 23; 59 N. W. Rep. 57, decided at the last term of

this court. It is referred to, in argument, in this case, but its import does not seem to be conceded. In the light of some contentions and opinions that have since come to our attention, we may profitably give the matter further notice.

Ballot A is like the "second Illustration" in the *Whittam* case, except that in that case there were three officers of the same kind to be voted for, and in this case there are two. The rule to govern the choice of candidates is the same. In this case Ballot A shows that the voter expressed a choice to vote the Town ticket by a general designation, which is by a cross in the circle before the ticket appellation. That cross signifies, in a way the law directs, that the voter desired to vote the entire Town ticket, and it should be so counted, unless he specially designates some candidate on the Citizens' ticket for whom he desires to vote in place of one on the Town ticket. The cross on the Citizens' ticket before the name of Feenstra is such a special designation, and it is a vote for Feenstra, regardless of and markings on the Town ticket. But the voter has another choice of a councilman, and he wishes to make that choice from the two candidates on his own (the Town) ticket. In making this choice, seems to be the difficulty. On Ballot A, the voter has put a cross in the square before the name of Detlef Hagge, Jr., and the claim is that the crosses express the intent of the voter to vote for Feenstra and Hagge; and, but for the provisions of the law as to how the intent should be expressed, we might concur in that view, and such a method might be a very good one. The law makes no provision, where a ticket is selected by a cross in the circle at the head of it, for designations of individual candidates on *that* ticket by crosses in the squares. Inasmuch as the cross in the circle at the head of the Town ticket expresses a vote for each candidate on that ticket, a cross before the

name of Hagge, Jr., will not operate to defeat the vote for Hagen, for by the cross in the circle he has expressed a purpose to vote for both Hagge, Jr., and Hagen. By the cross in the square before the name of Hagge, Jr., the voter has added nothing to the intent expressed by the cross in the circle. The query then is, how can the voter, after making the choice of Feenstra, make his choice between Hagge, Jr., and Hagen? We answer, by omitting the cross in the circle at the head of the ticket, and specially designating each candidate for whom he desires to vote on the Town ticket by a cross in the square before the name. In that way the legal effect of the cross in the circle is avoided, and the voter has manifested his intent only by marking particular candidates, which is one of the methods fixed by the law. Acts, Twenty-fourth General Assembly, chapter 33, section 22. Had there been a cross in each square on the Town ticket, except that before the name of Hagen, the intent of the voter would have been clearly expressed, in a way, provided by the act, as voting for all on the town ticket except Hagen, and, in lieu of him, a vote for Feenstra. We should avoid a misapprehension in this connection by stating that the rule announced does not render it necessary where, on the face of the ballot, it is manifest who are opposing candidates for a particular office, as for treasurer, recorder, sheriff, etc., and the voter desires to make an exception, and vote for one or more of such candidates on the ticket of an opposite party, to omit the crosses in the circle at the head of the ticket of his own party, and specifically designate each candidate on that ticket for whom he would vote, because in such a case it is manifest against whom the vote on the opposite ticket is cast; and in such case the voter, need only make the cross in the circle, and then specifically mark the candidate he would vote for on the opposing ticket, and

that vote is counted against the candidate on his own ticket for the same office. This method is expressly authorized by the same section of the act cited. But where there is more than one office of the same kind to be filled, and the ballots do not distinguish the candidates for each, there is no presumption as to who are opposing candidates for any particular office, and hence a different rule as to manifesting the intent of the voter is required, in order that the intent may be preserved in the canvass of the votes. See, upon this point, the reasoning in the *Whittam* case. Holding, as we must, to observe the spirit of the law, that the cross before the name of Hagge, Jr., is not a legal way of expressing a choice of him, as against Hagen, there is no legal way of determining the choice of voter as to councilman, except as to Feenstra, unless we say that he has expressed a choice for three candidates, which is the only legal inference, and that is a vote for one candidate more than he was authorized to vote for. Under the rule of the *Whittam* case, the vote as to Feenstra is legal, because indicated in a legal way, and it is the only vote for councilman that should have been counted on that ballot.

II. Much that has been said with reference to questions arising on Ballot A applies to points presented in argument as to Ballot B. On this ballot, the voter has not made choice of a ticket by placing a cross in one of the circles, and hence his intention is to be gathered entirely by specific markings in the squares before names of candidates, and where a candidate is not in that way designated, there is no vote for him. On Ballot B, the only marking is before the name of Feenstra, and the vote for him is clearly expressed. Below the name of Feenstra the name "D. Hagge" is written, and it is urged that it is a clear manifestation of the voter's intention to vote for D. Hagge, Jr. But

we think not.    The name "D. Hagge, Jr.," is printed on the ballot, and a cross before the name would have plainly indicated such an intent.    If the voter writes in the name of a candidate, he must designate his choice of such candidate by placing a cross in the square before the name, the same as if the name was printed on the ballot.    See Acts, Twenty-fourth General Assembly, chapter 33, section 22, above cited..

From these considerations, it follows that neither ballot should have been counted for the relator, and the judgment of the district court is REVERSED.