## YOUNG v. SIMPSON.

1. ELECTIONS.

Unless the statute declares that a strict compliance with its requirements by the elector is essential to have his ballot counted, courts will not undertake to disfranchise him by rejecting his ballot where his choice can be gathered from the ballot viewed in the light of the circumstances surrounding the election.

2. SAME—PARTY EMBLEMS—CONSTRUCTION OF BALLOT.

The statute provides that when an elector desires to vote for all the nominees of a particular party he may do so by placing a cross opposite the emblem of such party in the appropriate place; but when he desires to vote partly for the nominees of one party and partly for those of another, he should place a cross opposite the names of the candidates for whom he elects to vote. But where, after putting a cross opposite a party emblem, he particularizes his intention by placing a cross opposite the names of certain candidates upon the ticket, the particular designation controls.

3. SAME.

Where a ballot has no mark opposite any party emblem, but is marked with a cross to the left and before the candidate's name, it should be counted, although the customary and better practice is to put the cross to the right of the name of the candidate intended to be voted for.

4. SAME—ABSENCE FROM PRECINCT.

A mere temporary absence of an elector from his precinct, without intention to change his residence, which was caused by business

and prolonged by sickness, will not disqualify him where he returns
to the precinct of his residence in time to vote.

5. CONSTRUCTION OF BALLOT.

A voter designated his choice by placing a cross not in the space pre-
pared for that purpose, but fifteen sixteenths of an inch to the
right of the square opposite the emblem of the People's party.
*Held*, that the ballot was properly counted for the nominees of that
party.

### *Error to the County Court of Logan County.*

AT THE general election in 1894, plaintiff in error, Nathan-
iel Young, and defendant in error, John H. Simpson, were
opposing candidates for the office of county commissioner
of Logan county. The canvassing board of the county found
that plaintiff in error had received 477 votes for this office,
and defendant in error, Simpson, 476, and declared the for-
mer duly elected by a majority of one vote. Defendant in
error then instituted this contest, averring that in a certain
precinct of Logan county the judges had failed to count for
him two votes which were duly cast for him.

In the answer of plaintiff in error it is admitted that the
two ballots referred to in the complaint were cast for de-
fendant in error, and should have been counted for him.
Plaintiff in error, however, filed a counter statement setting
up several grounds of contest. This new matter in the
answer is denied by the replication. Upon these issues a
trial was had before the county judge, resulting in a finding
that defendant in error had received 477 votes and plaintiff
in error 476, and judgment was accordingly rendered in
favor of defendant in error. From this judgment an appeal
was prosecuted under section 17, page 198, of act of 1885.
In the opinion of the court the review should be had as upon
a writ of error, and the cause has been accordingly redock-
eted as provided by the act of 1891.

Mr. S. A. BURKE and Mr. W. L. HAYS, for plaintiff in
error.

Mr. W. E. CRISSMAN and Mr. H. D. HINKLEY, for defend-
ant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The principal object of the rules of procedure prescribed by statute for conducting an election is to protect the voter in his constitutional right to vote in secret ; to prevent fraud in balloting and secure a fair count. Such rules are usually held to be directory as distinguished from mandatory, and unless the statute declares that a strict compliance is essential in order to have the ballot counted, the courts will not undertake to disfranchise any voter by rejecting his ballot, where his choice can be gathered from the ballot when viewed in the light of the circumstances surrounding the election. *Kellogg v. Hickman*, 12 Colo. 256 ; *Allen v. Glynn*, 17 Colo. 338 ; *The People ex. rel. Eaton v. The District Court*, 18 Colo. 26 ; *The State v. Russell et al.*, 51 N. W. Rep. 465 ; Paine on Elections, sec. 498.

Our statute declares, in section 29, that " if a voter marks in ink more names than there are persons to be elected to an office, or if for any reason it is impossible to determine the choice of any voter for any office to be filled, his ballot shall not be counted for such office." Ergo, if the choice of the voter can be determined, the vote must be counted. In the light of these general principles and the statute, it is not difficult to dispose of the assignments of error in this case.

The first of these brings up for review the refusal of the county court to count for plaintiff in error, Young, a certain ballot cast in precinct No. 6, marked exhibit " C." On this ballot the cross appears opposite the emblem of the People's party. Similar crosses are also to be found in the appropriate columns opposite the names of each individual candidate of the People's party, except that the ballot is not so marked opposite the name of the plaintiff in error, Young, nor opposite the names of the candidates for precinct officers.

The statute provides that when any elector desires to vote for all the nominees of a particular party, he may do so by placing a cross opposite the emblem of such party in the appropriate space, but when any elector desires to vote a mixed

ticket, partly for the candidates of one party and partly for those of another, he should place a cross opposite the names of the candidates for whom he elects to vote. In this particular instance it will be noticed that the voter has attempted to adopt both methods. He has placed a cross opposite the emblem of the People's party and also one opposite the names of all the individual candidates of such party, except those mentioned. If the voter had only placed a cross in the appropriate space opposite the emblem of his party, this, under the statute, would have shown conclusively an intention to vote for all the candidates of such party; but having undertaken to particularize by putting a cross opposite the names of certain candidates upon the ticket, by a familiar principle of the law, the particular designation of the candidates for whom the voter intended to vote must be held to control the general designation. Consequently the county judge correctly decided that plaintiff in error, Young, was not entitled to this vote.

The second assignment of error has reference to ballot marked exhibit " G." Upon this ballot there is no mark opposite any emblem, but the ballot is marked with a cross within the margin of the line to the left, and immediately before the names. The statute does not designate where the cross shall be placed,—whether to the right or to the left of the candidate's name. It only provides that the voter shall prepare his ballot by placing a cross opposite the name of each candidate of his choice. Undoubtedly the more appropriate place on the form before us is to the right of the names of the candidates, and this is the customary and usual practice in such cases. We think, however, that the intention of the voter to vote for the candidate of the People's party is clearly manifest by the marks upon his ticket, and it was error for the county judge to reject ballot marked exhibit " G."

The third and fourth assignments of error relate to the reception and counting of the ballots of N. T. Fisk and his wife. These ballots were cast in precinct No. 3 of Logan

county. From the evidence introduced it appears that the Fisks, husband and wife, resided on their homestead near Iliff, in precinct No. 6; that they had resided within the county and precinct prior to October 27, 1894, more than the time required to qualify voters under the statute. On that day they made final proof of their homestead entry, going to the United States land office at Sterling for that purpose; not wishing, however, to change their residence 'by so doing, but intending to return to their homestead in a few days and remain thereon until after the election. They were, however, detained in Sterling by sickness, but returned in time to vote in the precinct in which their homestead was situated. Their right to vote in such precinct, we think, is clear.

This disposes of all the assignments of error that have been argued by plaintiff in error. There are, however, two assignments of cross error on the part of defendant in error which will be briefly considered.

The first relates to the action of the trial judge in rejecting as illegal the ballot of one E. E. Beeman, and in deducting this vote from the number cast for John H. Simpson. There is no error in this ruling. The vote shows conclusively that Beeman had not maintained a residence in Logan county for a sufficient length of time to become a legal voter under the statute.

The second assignment of cross error has reference to the action of the trial court in counting the ballot marked exhibit "F." On this ballot the voter has designated his choice by placing a cross not in the space prepared for that purpose, but $\frac{1}{8}$ of an inch to the right of the square opposite the cottage home, the emblem of the People's party. We think the intent of the voter is clearly manifest from the manner in which this ticket is marked, and that the county court in counting this ballot committed no error.

The only error intervening at the trial was in rejecting the ballot marked exhibit "G," hereinbefore discussed. This ballot should have been counted for defendant in error,

thereby increasing his total vote by one, making the result 477 instead of 476. Correcting this error, and we find that neither candidate received a majority of the legal ballots cast. There being a tie vote, the right to the office must be settled in the manner provided by statute.

The judgment of the county court is reversed and the cause remanded.

*Reversed.*