HEISKELL v. LANDRUM.

1. ELECTIONS—BALLOTS, HOW MARKED AND CONSTRUED.

A cross marked in ink against a party emblem on a ballot indicates a vote for the entire set of candidates of that party, while a cross so marked opposite the name of an individual candidate indicates a vote for that individual.

2. SAME.

When a ballot is marked against a party emblem, thereby indicating a vote for the entire list of candidates of such party, and is also marked against one or more names of candidates in another list, the ballot is void as to any office so doubly marked.

3. SAME.

The statute having prescribed a form and declared a compliance there-
with essential in order to have a ballot counted, it must be held to
govern conclusively.

*Appeal from the County Court of Morgan County.*

ELECTION contest instituted by Tyler D. Heiskell against
Thomas J. Landrum for the office of clerk and recorder of
Morgan county. Judgment for defendant. Plaintiff appeals.

Mr. J. E. GARRIGUES and Mr. W. A. HILL, for appellant.

Mr. A. C. PATTON and Mr. D. J. DAVIES, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The election was held under what is commonly known
as the "Australian Ballot Law." Session Laws of 1891,
page 143. There were three candidates for the office of clerk
and recorder at this election, whose names were printed upon
the official ballots; namely, Heiskell, democrat, Landrum,
people's party, and Richardson, republican;—the rooster being
the emblem of the democratic party, the cottage home the em-
blem of the people's party and the eagle the emblem of the re-
publican party. The official canvass gave Landrum a plurality
of seven votes over Heiskell; these candidates being the two
highest upon the list. Upon the canvass Landrum was given
a certificate of election, whereupon Heiskell instituted this
contest. As a result of the trial in the court below, the
plurality of Landrum was reduced by five; but as the gen-
eral result was not thereby changed, the court refused to
cancel his certificate.

So far as the assignments of error by appellant are con-
cerned, there are but six votes in dispute upon this appeal.
Of these, four are ballots marked respectively exhibits 7, 8,
12, and 15. These ballots were not counted by the lower
court, but ballots marked 11, 13 and 14 were counted for
appellant, although the same objection exists to the entire

seven ballots.  The counting of ballots marked exhibits 11, 13 and 14 in favor of appellant is assigned as cross error.

The objection to all these ballots arises out of the following facts: Each of these ballots is marked by a cross in ink placed by the voter in the square opposite the republican party's emblem, while in the list of the candidates following a cross is also placed upon each ballot opposite the name of Heiskell, the democratic candidate for county clerk and recorder.

Under our statute a cross marked in ink against the device of an emblem of a party indicates a vote for the entire set of candidates for that party, while a cross opposite the name of an individual candidate indicates an intention to vote for that individual, so that the cross opposite the eagle upon the seven ballots under consideration indicates an intention on the part of the voters to vote the entire list of republican nominees printed on the official ticket, while the cross opposite the name of Heiskell, the democratic candidate, would, if standing alone, indicate an intention on the part of the voter to vote for that individual for the office of county clerk and recorder.  Counsel agree that the principle governing these seven ballots is the same, and that all should be received or all rejected.

The claim of appellant is that there are two distinct methods of voting, one general and the other particular; the general method being by placing a cross opposite the emblem of the party of the voter's choice, and the particular method being by making a cross opposite the name of the favored candidates only.  It is further contended that if a voter has been so thoughtless or ignorant as to adopt both these methods, the particular should govern the general, and his ballot should be counted accordingly.

Appellee contends that where both methods of marking the vote are resorted to, one neutralizes the other.  In other words, it is said that the voter by placing a cross opposite the eagle thereby signified an intention to vote for Richardson, the republican candidate for clerk and recorder, while

by placing a cross opposite the name of Heiskell, he also voted for the nominee of the democratic party for that office. Hence, it is argued that, the two votes being contradictory, one nullifies the other and neither should be counted.

The statute provides: "Where a cross is marked in ink against a device indicating a vote for the entire set of candidates, and also another cross in ink against one or more names in another list, such ballot shall only be held invalid as to any office so doubly marked."

It is true, as stated by appellant, that this court has held in a number of cases that where the intention of the voter can be ascertained, the vote should be counted, but this intention can never be given effect against the positive provisions of the statute. As has been heretofore said by this court, the principal object of the rules for voting prescribed by the statute is to protect the voter, prevent fraud and secure a fair count, but where the statute prescribes a form and declares a compliance therewith essential in order to have the ballot counted, the statute must govern.

The act says the ballot shall only be held invalid as to any office so doubly marked, but this is equivalent to a legislative declaration that, as to any office so doubly marked, the ballot shall not be counted. The language admits of no other construction. This particular provision of the statute did not apply in the case of *Young v. Simpson*, 21 Colo. 460, for the reason that no person on another list was there voted for, the double marking in that case consisting of a cross opposite the emblem of the people's party and crosses opposite the names of certain candidates of that party.

Ballots marked 7, 8, 12 and 15 were properly rejected, and the court should have likewise rejected ballots marked 11, 13 and 14. By counting the latter, appellant's vote was erroneously increased by three. It follows that three votes must be deducted from the number counted for him, thereby increasing appellee's plurality from two to five.

There are only two other votes challenged by appellant's assignments of error, and should both of these assignments

be sustained, appellant would still be short of a plurality. As no possible disposition of the remaining assignments of error can overthrow the judgment of the county court, it will be affirmed without further comment.

*Affirmed.*