J. W. MORRISON, Contestant, Appellant, v. J. W. PEPPER-
MAN, Incumbent.

**Review on Appeal:** RECITALS IN ABSTRACT.  In an election contest
a recital in the abstract, that it was agreed that the only
issues of fact were as to the proper counting of the ballots
1 to which objections were made, will be observed on appeal,
though incumbent claims that such an agreement was not
shown in the official reporter's transcript, where from the
recitals in the record it is apparent that such an agreement
was made.

CHANGE OF STATUTES: *Effect on Review.*  Laws Twenty-eighth
General Assembly, chapter 36, amending Code, section 1119,
relating to the marking of ballots, cannot be applied on review
of an election contest, where judgment was rendered in the
3 district court and appeal taken before it took effect, since such
contest must be reviewed with reference to the law as it stood
when the cause was tried in the district court, the amendment
was not a curative act and the review being on assignment of
errors.

ISSUE JOINED BELOW.  In an election contest the incumbent cannot
defeat a canvass of the vote, on appeal, on the ground that
2 contestant failed to prove on the trial that he was eligible to
the office, where contestant's statement that he was qualified
to hold the office was not disputed on the trial.

**Ballots:** IDENTIFICATION MARKS.  Where a ballot has crosses in
the squares opposite all the names on a party ticket, except
4 for the candidate for township trustee, and then a cross in the
square in the blank opposite the blank for township trustee
in another party ticket on which no names are printed for
township offices, such ballot is properly rejected in an election
contest, since such cross on the latter ticket, being without
apparent purpose, could serve only to identify the ballot.

*Appeal from Grundy District Court.*—HON. A. S. BLAIR,
Judge.

THURSDAY, DECEMBER 20, 1900.

AT the general election in 1899 these parties were op-
posing candidates for the office of sheriff of Grundy county.

Upon a canvass by the board of supervisors it was declared that incumbent had received 1,423 votes, and the contestant 1,422, and the incumbent was declared elected. Contestant filed a statement of contest, and the court of contest found that contestant had received 1,386 votes, and the incumbent 1,369, and the contestant was declared elected. Incumbent appealed to the district court, and upon trial had to the court it found that incumbent had received 1,399 votes, and contestant 1,395 votes, and judgment was rendered in favor of the incumbent from which contestant appeals.—*Affirmed.*

*Reisinger & Porter, A. N. Wood,* and *Hemenway & Martin* for appellant.

*J. W. Redmond* and *Williamson & Willoughby* for appellee.

GIVEN, J.—I. Appellee raises several questions that should be first considered. Appellant states in his abstract as follows: "It was agreed by the parties that the only issues of fact involved were as to the proper counting of the ballots to which objection was made—the 134 ballots claimed by the plaintiff, Morrison, to have been cast for plaintiff, and the 135 ballots claimed by the defendant, Pepperman, to have been cast for the defendant —and that, upon the counting of these ballots and the ballots conceded to have been cast for the respective parties, the case should be determined." Appellee, in his denial of the abstract, says that such an agreement "is not shown in the official shorthand reporter's transcript or minutes." It does not follow from this qualified denial that the agreement was not made. The court might very properly have required the parties to select from the mass of ballots those in dispute. The agreement is such a one as should have been made, and, from the course of the trial, and the order of the court for the certification of "the 268 original ballots

in controversy," leaves no doubt but that the agreement was made, and should be observed as to facts relating to the ballots, in the canvass thereof. Appellee also denies that the abstract shows the objections made to the ballots offered in evidence, and the specific rulings of the court thereon. We think the objections and rulings sufficiently appear. Appellee also denies that the abstract contains all the evidence, but fails to "point out as specifically as the case will permit the defects alleged to exist in the abstract," as required by section 22 of the rules of this court. We have, however, a complete transcript of the evidence before us.

II. At the close of all the evidence appellee moved for judgment in his favor "for the reason that the contestant has failed to prove any of the alleged grounds of contest, and the evidence fails to sustain the statement of contest in any one of the grounds or essentials required by law." This motion was sustained and judgment rendered accordingly. Appellee now insists that it was properly sustained, for the reason that appellant failed to prove that he was eligible to the office. Appellant alleged in his statement of contest that he was "qualified to hold said office," and this does not appear to have been disputed throughout the trial. There was nothing in the motion for judgment or in the course of the trial to call the attention of the court to any claim that appellant was ineligible to the office. If there had been, the omission would have been cured, or the appellant shown to be eligible. The question seems to be raised in this court for the first time. Appellant cites authorities to show that, the public being interested, the parties could not agree that appellant was eligible. The court was there to look after the interests of the public as well as the rights of the parties, and, had there been a suggestion that appellant was ineligible, proofs of his eligibility would have been required. These contentions are too technical to require further consideration. They are certainly not such as should defeat a thorough canvass of this

vote as authorized by law, to the end that the will of the people, legally expressed, may be given effect.

III.    Before inquiring whether the court erred in its canvass of the ballots in any of the respects complained of, we must have in mind the rules of law by which the ballots are to be counted or rejected. These rules are so specifically set forth in the statute and in former decisions of this court that nothing need be added, nor is it necessary that we extend this opinion by restating them.    For those rules, see *Whittam v. Zahorick,* 91 Iowa, 23; *Voorhees v. Arnold,* 108 Iowa, 78; *Mentzer v. Davis,* 109 Iowa, 529, Chapter 36, Laws Twenty-eighth General Assembly, approved April 7, and which took effect July 4, 1900, provides as follows: "That section one thousand one hundred and nineteen (1119) of the Code be amended by striking out the last sentence and inserting in lieu thereof the following: 'The writing of such name without making a cross opposite thereto, or the making a cross opposite such blank without writing a name therein, or the unnecessary marking of the cross in the square below a marked circle, shall not affect the validity of this vote.' " Appellee contends that this amendment applies to this proceeding on this appeal.    This election was held November 17, 1899; the judgment was rendered herein by the district court February 21, 1900, which was prior to said enactment; and the appeal to this court was perfected April 30, 1900, being *Hamburg,* 40 Iowa, 26; *Wood v. Brolliar,* 40 Iowa, 594; before the act took effect.    Appellee, in support of his contention, cites *Ballard v. Ridgley,* 1 Morris, 27; *Wormley v. Iowa Savings Ass'n v. Heidt,* 107 Iowa, 297, and cases from other courts.    In *Ballard's Case* the new law was as to rules of evidence, and pertained exclusively to the remedy.    In the case in 40' Iowa it was held that the new law respecting evidence applied to actions tried since it took effect, though commenced before.    The *Iowa Savings Case* was in equity, and triable *de novo* on appeal.

This action was not only commenced, but tried and appealed before said amendment took effect. The case is not before us for trial *de novo,* but simply for review on errors assigned. Said chapter 36 is not a curative act, as was the law under consideration in some cases cited. As this case is only before us for review upon errors assigned, we conclude that it must be reviewed in the light of the law as it stood at the time of the trial in the district court.

IV. We now proceed to the examination of the disputed ballots admitted and rejected by the district court, as to which errors are assigned and argued. In *Vorhees v. Arnold, supra,* we said: "On some of the ballots in this case, where there is a wide departure from the legal requirements, we may safely say the unnecessary marks could not be used for identification, because the maker could never describe them to another so far as to permit their use for that purpose. In other cases it is doubtful whether they could be so used or not. In such cases the question is one of fact for the jury, because there might reasonably exist differences of opinion as to the fact. In such cases the ballot should be put in evidence, and the jury be permitted, under instructions, to determine whether there has been a deliberate departure in the marking, and in a way that it might be used to identify the ballot. Many of the markings in this case are such that the findings of the district court conclude us, because they were purely questions of fact." Applying this and the other rules already referred to, we conclude that all the disputed ballots counted for appellant were properly so counted, except the ballot No. 39. That ballot has crosses in squares opposite all the names of the Republican ticket, except Jurgen Alberts for township trustee. In the ticket designated "Prohibition" no names were printed in the county and township tickets. This ballot has a cross in the square opposite the blank "For Township Trustee." In *Vorhees v. Arnold, supra,* we said: "On some of the ballots the county ticket was printed in blank;

that is, the names of the candidates were not printed in, but the official names appear, as 'For Auditor,' 'For Treasurer,' etc., with a blank space for writing in the names of the person voted for. In some cases voters would put a cross in the square, but write in no name; and hence the cross in the square was without apparent purpose, and could have no use except to identify the ballot. Such ballots were excluded, and properly so." It follows from this that the ballot No. 39 should have been excluded. Of those claimed by appellant and rejected, we conclude that all were properly rejected. Of the disputed ballots counted for appellee we think the following should have been rejected: Ballot No. 384 has crosses in the squares on the Democratic ticket, except, "For Member Board of Supervisors, 3d District, A. G. Geerdes." In the prohibition ticket no name is printed for this office, nor any written in the blank, yet there is a cross in the square. Thus we see that the ballot is the same in its marking as No. 39, and for the same reason should have been rejected. Of the ballots claimed by the appellee and rejected, we do not find that there was any error in rejecting them. It follows from these findings that one vote should be deducted from the 1,398 votes found by the district court to have been received by appellee, Pepperman, and one vote from the 1,395 found by the district to have been received by the appellant, Morrison. This leaves the result in favor of the appellee and incumbent, Pepperman, and the judgment of the district court is AFFIRMED.