[No. 8103.]

## BROMLEY v. HALLOCK.

1.  ELECTIONS—*Ballot—How the Voter Shall Express His Choice.*
The voter must substantially observe the requirements of the statute. (152)

2.  ——*Ascertaining the Intention of the Voter.* Where the voter writes in the blank above the list of nominations, the name of a particular party, he indicates an intention to vote for all the candidates of that party named upon the ballot, unless, in the way provided by the statute, he manifests a different intention, i. e. by inserting an X opposite the name of an opposing candidate, or if there are two or more candidates for the same office, by drawing a line through the name of those, or the one, for whom he does not desire to vote. (153)

The contestor was a candidate upon the ticket of the Progressive party. Several voters wrote at the top of the ballot the name of this party, as well as the name of another party which had made no nomina-

tion for the office for which the contestor was a candidate, and none of these ballots bore any X opposite or near to the name of any candidate for that office. *Held* that the insertion of the names of the other parties, in addition to the Progressive party, did not tend to contradict or neutralize the purpose of the voter to cast his ballot for contestor and that the ballots must be counted accordingly. (153)

*Error to the Chaffee County Court*—Hon. JOSEPH NEWITT, Judge.

Mr. GILBERT A. WALKER and Mr. GEORGE D. WILLIAMS, for plaintiff in error.

Mr. WALLACE SCHOOLFIELD for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

At the November 1912 election, the parties to this action were rival candidates for the office of county clerk and recorder of Chaffee county. Mr. Hallock was the regular democratic nominee. Mr. Bromley was the regular nominee of the Republican party, also of the Progressive party. On the face of the returns Mr. Bromley was elected by the majority of thirteen. Mr. Hallock instituted this contest. Issues were joined, and upon final trial a decree was entered awarding the office to Mr. Hallock. The court, on recount, declared his majority to be twenty-six. Mr. Bromley prosecutes this writ of error.

In addition to the Democratic, Republican and Progressive parties, who had candidates for presidential electors, United States senators, congressmen, state, district and local county offices, except the Progressive party had no candidate for representative for Chaffee county, or for county treasurer, county judge or county surveyor, the ballots disclose that there were also there-

on the nominees of what was called the Roosevelt and the Bull Moose parties, each of which had candidates for presidential electors, United States senators, congressmen, and state offices but which parties had no district or local county candidates upon the ballot; also that the Bull Moose had no candidate for congress for the second district. Otherwise, the candidates of the Bull Moose party, as well as those upon the Roosevelt ticket, for United States senator, congressmen and state offices, were identical with the candidates for those offices on the Progressive ticket, so that in so far as the Roosevelt and Bull Moose parties had candidates for any office, they were identical with each other, and were also identical with the candidates of the Progressive party for such offices. Stated differently, every candidate for any office upon the Bull Moose ticket was also a candidate for the same office on the Roosevelt and Progressive party tickets; and every Roosevelt party candidate on the ticket was also a candidate for the same office on the Bull Moose and Progressive tickets, excepting only that one McLain was the nominee of the Progressive and Roosevelt party for congressman from the second district, but was not the nominee of the Bull Moose party for such office, it having no candidate for congress for the second district.

Upon recount the court found, which finding is sustained by the evidence, that in the blank space provided for the writing in of the name of the political party, that there were nine ballots which had the words written in this space "Progressive, Bull Moose", fifteen with the words "Progressive, Roosevelt, Bull Moose," seven "Progressive, Roosevelt" and two "Roosevelt, Progressive"; and that none of these ballots had any cross mark, de-

fective or otherwise, opposite or near the name of any
candidate for the office of county clerk and recorder.
Upon this finding the court held that these ballots did
not disclose any intendment by either or any of the elec-
tors casting them to vote for the contestee, and declined
to count them for him. In this the trial court erred.

Mr. Bromley was the candidate upon the Progres-
sive ticket. Wherever there were any candidates upon
the Bull Moose or Roosevelt tickets for any office, they
were the same as on the Progressive, the only difference
being that while the Progressive party had candidates
for all national and state, and nearly all district and local
county offices, the other two did not have any candidates
for district or local county offices, or the Bull Moose a
candidate for congressman in the second district.

Section 2236, Revised Statutes, 1908, in part
reads:

"That across the head of the ballot, and just
above the list of nominations, shall be printed the
words, 'I hereby vote a straight.................
ticket, except where I have marked opposite the name
of some other candidate,' and any voter desiring to
vote a straight ticket may write within the blank
space above provided for, the name of the party
whose ticket he may wish to vote, and any ballot so
cast shall be counted for all the nominees upon said
ticket, except when the voter has marked opposite
the name or names of any individual candidate of
some other party, which individual marks opposite
such individual candidate shall count for them, and
shall not be counted for the candidates for the same
office upon the ticket whose party name the voter
has so filled in the blank at the head of the ticket."

Section 2265 in part reads:

"If a voter marks in ink more names than there
are persons to be elected to an office, or if, for any
reason, it is impossible to determine the choice of

any voter for any office to be filled, his ballot shall not be counted for such office. *Provided, however,* a defective or an incomplete cross marked on any ballot in ink, in a proper place, shall be counted if there be no other mark or cross in ink on such ballot indicating an intention to vote for some person or persons or set of nominations, other than those indicated by by the first mentioned defective cross or mark, and where a cross is marked in ink against a device indicating a vote for the entire set of candidates, and also another cross in ink against one or more names in another list, such ballot shall only be held invalid as to any office so doubly marked."

Section 2266 following reads:

"If an imperfect cross or mark be found near the name of a candidate in ink, which mark appears to have been made with intent to designate the candidate so marked as the one voted for, such ballot shall not be rejected, if the intent of the voter to designate the person for whom he intended to vote can be reasonably gathered therefrom; *Provided,* that if marks placed opposite the names of individual candidates shall work to a complete exclusion of the candidates of the party, the designation of which has been written in at the top of the ballot, and the intention of the voter is clear, it shall not be necessary to strike out the names of the candidates against whom it is desired to vote."

These sections were all in force at the time of this election, and contain the only express provisions in our election laws as to what constitutes a defective ballot so that the same shall not be counted. They do not include one like those under consideration. 'Tis true that an elector, in order to properly express his choice, must do so substantially in the manner provided by statute. *Young v. Simpson,* 21 Colo. 460, 42 Pac. 666, 52 Am., St. Rep. 254; *Heiskell v. Landrum,* 23 Colo. 65, 46 Pac. 120; *Rhode v. Steinmetz,* 25 Colo. 308, 55 Pac. 814; *Wiley v. McDowell,* 133 Pac. 757; *Whitman v. Zahorik,* 91 Iowa,

23, 59 N. W. 57, 51 Am. St. Rep. 317; *Vallier v. Brakke,* 7 S. D. 343, 64 N. W. 180. It appears to us that this requirement was complied with by the electors casting these ballots. The plaintiff in error was the candidate upon the Progressive ticket; he was also upon the Republican ticket. When these voters wrote in the word "Progressive" they indicated their intention to vote for all the candidates upon that ticket, unless they performed some act otherwise which tended to defeat or neutralize such intention. The way provided by statute to have annulled this expressed intention as against any candidate for whom they did not desire to vote, was to make a cross mark opposite the name of his opponent, and if two or more were running for offices of the same name, to run a line through the name of the party for whom they did not desire to vote; neither was done. Other methods which might have this effect need not be considered; they are not involved. The fact that the electors in some instances followed and in others preceded Mr. Bromley's party name with the insertion of the words "Bull Moose" or "Roosevelt" or either, or both of them, did not under the circumstances above disclosed in any manner tend to contradict or neutralize the intention of the voter in voting for Mr. Bromley. This is readily apparent for the reason among others, that if these ballots were counted for all the candidates whose party names were written in at the top, it would not disclose any intention to vote for anyone not on the Progressive ticket, as there was no one on either of the other tickets who was not on the Progressive. The voter having substantially complied with the law, and his intention thus given not being in conflict with any other expression to be gathered from the ballot, it must be given effect as expressed, and when

thus applied Mr. Bromley is entitled to these votes as he was the only candidate for this office on any of these tickets and the only one for whom they could have been intended.

In *Nicholls v. Barrick,* 27 Colo. 432, 62 Pac. 202 Mr. Nicholls was the candidate of the Republican party for sheriff and Mr. Barrick was the candidate of the People's Silver Republican, Teller Silver Republican, Democratic and Populist parties. It was shown that these last named several political parties had united upon the same ticket, each filling the ticket under its distinctive party name; that the ticket was generally spoken of by newspapers and the people as the fusion ticket and that the only opposition ticket was the Republican. On forty-three ballots each voter had written in the blank space provided the word "Fusion". When thus filled out they read "I hereby vote a straight Fusion ticket." It was held that these ballots clearly showed the intent of the voter and should be counted for the candidate on the combined tickets of these several parties; that they were substantially marked as the law requires, sufficient to justify their being counted. The principles there announced are specially applicable to the facts here. The electors casting these ballots come much nearer in complying literally with the statute than those whose ballots were under consideration in the former case, and their intention, not having been neutralized in any respect, when applied to this office, must be given effect as expressed.

The case of *Wiley v. McDowell, supra,* does not support the position of the defendant in error; to the contrary, its record discloses that McDowell was the candidate upon the Republican and Progressive tickets only, and that he was given the benefit of all ballots which had

either of these party names written in at the head. He also contended that there should be counted for him the ballots which had the words "Bull- Moose" or "Roosevelt" only written in at the head of the ticket, although he was not on either of such tickets, but relied solely upon evidence *aliunde* to establish that they were intended for him. This court refused to adopt his theory for the reasons stated in the opinion.

When these thirty-three ballots are added to Mr. Bromley's total, it gives him a majority, even though all other contentions were decided against him, this makes it unnecessary to consider them.

The judgment is reversed and the cause remanded with instructions to dismiss the action at the costs of the defendant in error.

*Reversed with instructions.*

Decision *en banc.*

Mr. JUSTICE SCOTT not participating.