115  461
c131  330

JOHN E. SPURRIER, Appellant, v. ALEX. McLENNAN.

Election Contests:    RESIDENCE OF VOTER.    That a voter had vis-
ited Oklahoma, contemplating possibly his residence there, and
that he liked it, and had determined to go there in the future,
did not lose him his rights as a citizen of the state, so as to dis-
qualify him as an elector.

MARKING OF BALLOTS.  Code, section 1120, relative to elections, de-
clares that when a circle on a ballot is marked, the ballot
shall be counted for all the names on the ticket beneath the
circle, and that the making of a cross in the square of another
ticket than the one marked in the circle shall not affect the
validity of the ballot, except as to the office for which the person
opposite whose name such mark was made is a candidate, and
as to such office the vote shall not be counted.  On a ballot
sheet appeared two tickets of two parties, neither of which
contained county tickets.  Several of the tickets were marked
in the circle, and a mark was also placed in the square oppo-
site the name of the candidate for a certain county office on
another ticket.  *Held*, that it was proper to count the ballots
for the one opposite whose name a square was placed, since the
statute makes the cross in the circle effective as a vote for the
names printed on the ticket below it, and nothing more, and
the only votes for the county office were those indicated by the
cross in the square.

*Same.*  Code, section 1120, enacts that when a circle is marked the
ballot shall be counted for all the names on the ticket beneath
the circle, and that the making of a cross in another ticket
than the one marked in the circle shall not affect the validity of
the ballot except as to the votes for which the person opposite
whose name such mark was made is a candidate, and that as
to that office the vote shall not be counted.  On an election
contest it appeared that a number of tickets on which the name
of incumbent was printed were marked in the circle with a cross
and a cross likewise put in the square before each name, except
that of incumbent, and a cross was placed in the square opposite
contestant's name on another ticket.  *Held*, that it was proper
to refuse to count such ballot for contestant, a cross in the
circle conclusively meaning a vote for the whole ticket below
it, and the marking of the square before a name on another
ticket having no other effect than to nullify the vote for the
office doubly voted for.

*Same.* The marking by an elector of the squares opposite the names of candidates on a ballot, he having also marked the circle at the top of such ticket, does not add to the effect of the mark in the circle, nor detract from it, the ballot being a vote for all candidates under the circle.

*Same.* Where on an election contest, a ballot is objected to because of a line drawn partially across it, but it is shown to have been done by the judges of election when making the count, the objection is properly overruled.

Evidence: *General objection of hearsay.* Where, on an election contest, the testimony of a witness was generally objected to as hearsay, but part of his testimony was plainly not hearsay, the objection was properly overruled.

Appeal and Cross Appeal: ELECTION CONTESTS. On an election contest, the judgment of the court having fixed the number of votes the incumbent had received, he might appeal from the holding, if not satisfied, and the appeal would bring up all rulings on the reception and rejection of the ballots affecting the total, and the incumbent may maintain a cross appeal.

Is NOT TRIED DE NOVO. On an appeal from the holding of the court on an election contest the supreme court does not try the case *de novo*, but considers only the errors assigned by appellant.

FINDINGS AS TO MARKING OF BALLOTS: *Review on appeal.* Where, on an election contest, the court holds that a cross in the square opposite a blank on a ticket not filled by the insertion of a name, is not an identifying mark authorizing the rejection of a ballot, the holding is a finding of fact, and not reviewable on appeal, except for insufficiency of evidence to sustain it.

*Appeal from Iowa District Court.*—Hon. M. J. Wade, Judge.

· Thursday, January 30, 1902.

This is a contest over the right to hold the office of clerk of the district court in and for Iowa county, each party claiming to have been elected thereto. The board of supervisors declared defendant to have been elected. In a proceeding before a court of contest, plaintiff's case was dismissed. On his appeal to the district court, trial was

had on the merits, and defendant was found to have been elected by a majority of five votes. From such finding this appeal is taken.—*Affirmed.*

*J. T. Beem* and *Thomas Stapleton* for appellant.

*Hedges & Rumple* for appellee.

WATERMAN, J.—Defendant's motion to dismiss plaintiff's appeal for want of jurisdiction in the court of contest, and also in the district court, will be overruled. In view of the conclusion reached on the merits of the case, we need not take the time or space necessary to set out our reasons for this action. Defendant also took an appeal from the finding of the district court on two grounds: (1) As to its holding that it had jurisdiction; (2) as to rulings on the reception and rejection of certain ballots. There is a motion to dismiss this cross appeal. What we have already said indicates that such appeal is not sustainable on the first ground. As to the second ground, it is admitted by contestant, that all such rulings may be considered on plaintiff's appeal. Inasmuch as defendant's abstract may properly be taken and accepted by us as an amendment to that of appellant, it makes no difference whether we consider the matters on one appeal or another, so long as we may consider them at all. We might therefore pass the motion without a ruling. But we think it is not well taken. The judgment of the trial court fixed the number of votes defendant had received. If not satisfied with this holding he could appeal from it, and his appeal would, of course, bring up all rulings which affected this total. We do not understand that on an appeal this court tries a case of this kind *de novo;* but, rather, that we consider only the errors assigned by the appellant.

I. It is claimed that one Nettifee, who voted at the election, was not a qualified voter, for that he was not a

citizen of Iowa at the time. He was asked by counsel for contestant for whom he voted for clerk of the district court, and, upon objection, the trial court ruled that he need not answer, a sufficient foundation not having been laid. All that has been shown was that Nettifee had previously gone to Oklahoma, with the intention of looking at the country, as a possible place of residence; that he liked it, and had determined some time in the future to remove there. This did not make him a citizen of Oklahoma, nor lose him his rights as a citizen of Iowa.

II.    There was a motion by contestant to strike the testimony of D. O. Jones, one of the election judges, on the ground that it was hearsay. This was overruled, and complaint is made of this action of the court. The witness was explaining marks on certain ballots, and attempting to show they were made by the judges of election in counting the same. Whatever may be said as to certain parts of his evidence, his statement with relation to exhibit 69,—"I am pretty positive those marks were not on there before they [the ballots] were taken from the box." —followed by his assertion as to exhibit 68,—"it was the same as the others,"—was not hearsay; and as the motion went to all of his testimony, it was properly overruled.

III.    Upon the ballot sheet appeared tickets of the Prohibition and Socialist Labor parties. Neither of these contained county tickets. Several of these tickets were marked in the circle, and a mark also placed in the square opposite the name of incumbent on the Republican ticket. These ballots were counted for the incumbent, and this action of the canvassing board was sustained by the district court. Section 1120 of the Code is in part as follows: "(1) When a circle is marked, the ballot shall be counted for all the names upon the ticket beneath the circle. The making of a cross in the square of another ticket than the one marked in the circle shall not affect the

validity of the ballot, except as to the office for which the person opposite whose name such mark was made is a candidate, and as to such office the vote shall not be counted." This section, we think, makes the cross in the circle effective as a vote for all names printed upon the ticket below it, but for nothing more. Such a cross cannot indicate a vote for an office that is left blank upon that ticket. If these tickets had contained the name of the nominee for the office of clerk of the district court, and the voters, after marking the circle, had put a cross in the square preceding the name of incumbent on the Republican ticket, they would have voted for two candidates for an office to which but one could be elected, and for such officer their votes could not be counted. But this reason does not apply in such a case as that now before us. The crosses in the circles were not votes for clerk of the district court, because the name of no candidate for that place appeared below them. The only votes for such officer were those indicated by the crosses in the square before the incumbent's name, and we think they were rightly counted for him.

, IV. Nineteen ballots were rejected on which contestant had been voted for, because of identifying marks, which consisted in some cases of a cross opposite the name of the presidential candidate, and in some of a cross also opposite the name of the candidate for vice-president; the ticket being otherwise correctly marked. It is said these crosses could not be used for, or considered as, identifying marks. In *Voorhees v. Arnold,* 108 Iowa, 77, we held that a cross in a square opposite a blank space on a ticket which had not been filled by the insertion of a name was an identifying mark which demanded the rejection of the ballot. That holding seems decisive of the present contention. But that case goes farther. It holds the question to be one of fact for the trial court, whether an unauthorized mark on the ballot was intended as an identi-

fying mark. The trial court in this case found these crosses were intended as identifying marks, and held against the validity of the ballots under consideration. Following the decision in the *Voorhees Case* we must say that no sufficient ground is shown to warrant our interfering with that finding. See, also, *Morrison v. Pepperman,* 112 Iowa, 471.

V. A number of Republican tickets, upon which the name of incumbent was printed, were marked in the circle with a cross, and a cross likewise put in the square before each name thereon except that of incumbent; the square before his name was left blank, and a cross placed in the square preceding contestant's name on the Democratic ticket. These ballots the district court refused to count for contestant. What is said in the third division of this opinion applies here. A cross in the circle conclusively means a vote for the whole ticket printed below it, and marking the square before a name on another ticket has no effect other than to nullify the vote for the officer thus doubly voted for. This rule is in no wise altered by the marking of the squares below the marked circle also. The statute providing for the effect to be given a cross in the circle makes no exception of such a case. *Whittam v. Zahorik,* 91 Iowa, 23, was decided under the old law, which, in relation to the marking of ballots by voters, was materially different in certain respects from the present statute; but something said therein we deem applicable to this case. Robinson, J., who delivered the opinion, says in the second division thereof: "It is said there is no authority for making a cross in the circle and also in the square of the same ticket, as was done in the second, third, and fourth illustrations we have given. We think it is clear the statute does not contemplate that plan of voting. * * * Hence, when a voter has marked his ticket by placing a cross in the circle opposite the title, he does not add to

the legal effect of that marking by placing crosses in squares opposite the names of candidates on the same ticket."

This, we think, is true under the present statute.

And we may say, further, that crosses in the squares under such circumstances not only do not add to the effect of the mark in the circle, but they do not detract from it, —they have no consequence whatever, except in the case of a name written in, and that is specially provided for in section 1119, Code. The court's ruling on these votes was correct.

VI.   Exhibit No. 68 was objected to because of a line drawn partially across it; but as this is shown to have been done by the judges of election, when making the count, the objection was properly overruled.

VII.   A great many ballots are grouped and objected to as bearing identifying marks. Nothing is said in argument by appellant on this branch of the case, beyond making the charge. We therefore deem it sufficient to say we discover no error in the ruling of the district court in relation to any of these ballots.

We need not consider the cross appeal. Our conclusion leaves incumbent with a majority in the count. This gives him the office in controversy, and with this he will, doubtless, be content.

The judgment of the trial court is AFFIRMED.