## POTTS v. FOLSOM.

No. 142.   Opinion Filed September 14, 1909,

(104 Pac. 353.)

ELECTIONS—Ballots—Indication of Choice by Voter. Sec 4, art. 1, c. 17, p. 233, Sess. Laws 1905, under the title of "Elections," provided that on receiving his ballot, "if the voter shall desire to vote for all the candidates of one political party or group of petitioners, he may stamp a cross in the circle which is under the device and in the column above the candidates of the party or group for whom he desires to vote, and such ballot when so marked shall be counted as a straight ticket for all the candidates in the column under said circle." A voter stamped a cross in the circle under a party device, and then stamped a cross in the square immediately to the left of all the names in the same column except the name of plaintiff. Held, that by stamping in the circle under the party device the voter under the law voted for all the candidates in the column under said circle, and that the extra markings were without effect.

Kane, C. J., and Wiliams, J., dissenting.

(Syllabus by the Court.)

*Error from District Court, Haskell County; Malcolm E. Rosser.
Judge.*

*Quo warranto* by T. E. Potts against Robert Folsom. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Frederick & Mitchell,* for plaintiff in error, citing: Session Laws Okla., pp. 233, 234, § 4; *Spurrier v. McLellan,* 115 Iowa, 461.

*Holley & Brown* and *Clark & Crittenden,* for defendant in error, citing: *Young v. Simpson* (Colo.) 42 Pac. 66; *Weidnochel v. Hauk,* 3 Pa. Dist. R. 123; *In re Election of Com. Council 20th Ward,* (Mart. Sess.) 39 Pa. Dist. R. 120.

DUNN, J. This is an action in the nature of *quo warranto,* brought by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, to try the title to the office of constable of Taloka township, Haskell county, Okla. At the general election held on the 17th day of September, 1907, both plaintiff and defendant were candidates for the office of constable on the Democratic ticket. The judges of election at Garland precinct in said township declared a tie vote between them, and certified their finding to the county commissioners. The commissioners decided the matter by lot, and declared the defendant elected.

It is admitted by counsel that this ruling would be correct, and that the defendant would be legally entitled to the office, if it were not for the fact that the election commissioners counted two ballots for the defendant which the plaintiff insists should also have been counted for him. The ballots are made a part of the case-made, and are in the usual form, but the plaintiff insists that they were not properly voted. They are stamped with a cross in a circle under the party device and also each candidate on the ticket for Congress, district judge, state senator, representatives, etc., are marked with a cross in the square to the left of their names, with the exception of the office of constable, where the square to the left of defendant's name is marked with a cross and the square to the left of the plaintiff's name left blank. The plaintiff insists that because the voter marked the ticket with a cross in the circle under the device that is a vote for every candidate on the ticket, notwithstanding he also marked all the other candidates in the manner above described, except himself. The court below held that these ballots should be counted for the defendant, and not counted for the plaintiff. Section 41 of chapter 33 (section 2946) of Wilson's Revised & Annotated Statutes of

Oklahoma of 1903, under the title "Elections," provided that, after receiving his ballot, the voter shall enter a booth and indicate the candidates for whom he desires to vote by stamping in the square immediately preceding their names, and, if he desires to vote for all the candidates of one political party, he may stamp in the square surrounding the device at the head of the list, and that the vote shall then be counted for all the candidates under that device, unless the square in front of the name of one or more candidates under another device shall also be stamped, in which case the names of the candidates so stamped shall be counted, and the names of other candidates for the same office under the other device on the ballot shall not be counted. This section of the statute was amended by section 4, art. 1, c. 17, p. 233, Sess. Laws 1905, in which it was provided:

"The voter shall then and without leaving the room go into any booth which may be unoccupied and indicate the candidates for whom he desires to vote by stamping a cross in the square immediately to the left of their names, and indicate his preference on any question, or constitutional amendment or other special matter, by stamping in the square immediately to the left of and preceding the words 'yes' and 'no' under such question; provided, however, that if the voter shall desire to vote for all the candidates of one political party or group of petitioners, he may stamp a cross in the circle which is under the device and in the column above the candidates of the party or group for whom he desires to vote, and such ballot when so marked shall be counted as a straight ticket for all the candidates in the column under said circle."

And section 9, art. 1, c. 17, p. 240, of the same Laws, provides, under instructions of how to vote, that:

"To vote a straight ticket, stamp in the circle beneath the device. To vote a mixed ticket, stamp in the square to the left of the name of each candidate you desire to vote for."

By the change made in the law as indicated above, it appears to us that it was the intention of the Legislature to make the controlling stamp in the law as it existed at the time of the election held in this case to be the stamp placed at the head of the list of candidates, and to provide that, where a mixed ticket was

to be voted, it was necessary in order to accomplish this result, and to manifest this intention, each individual candidate to be voted for should be stamped. This rule does not appear to us to have been manifested in the law under which were decided cases such as *Young v. Simpson*, 21 Colo. 460, 42 Pac. 666, 52 Am. St. Rep. 254, and *Howser v. Pepper*, 8 N. D. 484, 79 N. W. 1018, and perhaps some other cases which appear to follow that rule. It will be noted that the language of the act is mandatory, and that, when the stamp is placed in the circle under the device, such ballot shall be counted as a straight ticket for all the candidates under the column in such circle, and this intention it appears to our minds is emphasized by the language of the instructions noticed. The question of the effect of the stamp and cross opposite the names of the persons voted for in the same column, over which a stamp had been placed in the device, was dealt with by the Supreme Court of the Territory of Oklahoma in the case of *McClelland v. Erwin*, 16 Okla. 612, 86 Pac. 283. In the discussion of this question in that case, Justice Irwin, who wrote the opinion for the court, said:

"It is next contended by counsel for plaintiff in error that ballots stamped in the device, and then stamped in the square opposite the names of the persons voted for on the same ticket should not be counted. In other words, it is claimed that where the voter puts another stamp upon the ballot which is unnecessary or makes more stamps than is necessary upon the ballot that this constitutes a distinguishing mark, and that for this reason the ballots should have been rejected. We do not think this is the correct rule."

To our minds it seems clear that under this statute a stamp in the circle at the head of the list of candidates is the statutory method provided whereby a voter may manifest his intention to vote for every candidate under that stamp. If this is true, and, after having placed the stamp there, the voter has succeeded in voting for all of these candidates, then the placing of additional stamps in front of the different names on that same list would either constitute distinguishing marks or be without any effect whatsoever. These are held not to be distinguishing marks in the

*McClelland v. Erwin Case, supra.*. Hence we conclude they are without effect. Our conclusion herein seems to be supported by the case of *Dickerman v. Gelsthrope,* 19 Mont. 249, 47 Pac. 999; *Spurrier v. McLennan,* 115 Iowa, 461, 88 N. W. 1062; *Whittam v. Zahorik,* 91 Iowa, 23, 59 N. W. 57, 51 Am. St. Rep. 317; *McKittrick v. Pardee,* 8 S. D. 39, 65 N. W. 23. This holding necessarily results in the reversal of the judgment of the lower court.

The cause is accordingly remanded, and action is directed to be taken in accordance with the views herein expressed.

Hayes and Turner, JJ., concur; Kane, C. J., and Williams, J., dissent.