# OPINION OF THE JUSTICES
## OF THE SUPREME JUDICIAL COURT
## GIVEN UNDER THE PROVISIONS OF SECTION 3
## OF ARTICLE VI OF THE CONSTITUTION

\* \* \* \* \*

## QUESTIONS PROPOUNDED BY THE HOUSE
## IN AN ORDER DATED JANUARY 14, 1965
## ANSWERED JANUARY 26, 1965

## HOUSE ORDER PROPOUNDING QUESTIONS
### STATE OF MAINE

IN HOUSE
January 14, 1965

WHEREAS, in connection with the proposed examination by the House Committee on Elections into the ballots cast in the general election of November 3, 1964, for the House seat in the class towns of Brooks, Burnham, Jackson, Monroe, Swanville, Thorndike, Troy, Unity and Waldo, certain questions have arisen with regard to the validity of certain ballots because of a contest for said seat by Herbert E. Ryan of Brooks who contests the seating of John A. Burwell of Unity; and

WHEREAS, Herbert E. Ryan of Brooks caused a recount to be had before the convening of the Legislature before the appropriate election officials of the State of Maine at which recount both parties were represented; and

WHEREAS, this recount resulted in an agreement between Mr. Ryan and Mr. Burwell that there were 921 votes cast for each, and that there were four ballots in dispute, three challenged by Mr. Ryan and one challenged by Mr. Burwell, and

WHEREAS, this matter was brought to the attention of the House of Representatives when it organized on January 6, 1965, and

WHEREAS, the House referred to the Committee on Elections for its review the question of who should have the seat for the class towns above mentioned, and

WHEREAS, Mr. Burwell and Mr. Ryan have agreed that the recounted ballots are, as far as the tie is concerned, acceptable, and that the ballots in dispute will decide the election, and

WHEREAS, the ballots in dispute are attached hereto and made a part hereof and are identified by markings affixed to each ballot which have been placed there by officials of the State of Maine and are not considered distinguishing marks, namely, number 1 through 4, inclusive, and

WHEREAS, no evidence has been offered to the House of Representatives or to the Committee on Elections that there has been any fraud of any nature or description in the casting of the votes in question, and

WHEREAS, it appears that the reason for counting these questionable ballots one way or another must appear upon the face thereof and must, therefore, be reduced to a question of law, and

WHEREAS, it appears to the Members of the House of Representatives of the 102d Legislature that questions of law have arisen which make this occasion a solemn one;

NOW, THEREFORE, *be it ordered,* that in accordance with the provisions of the Constitution of the State, the Justices of the Supreme Judicial Court are hereby respectfully requested to give their opinion on the following questions:

I

Is ballot No. 1 a valid ballot?

## II

If the answer to question No. I is in the affirmative, for whom should the ballot be counted?

## III

Is ballot No. 2 a valid ballot?

## IV

If the answer to question No. III is in the affirmative, for whom should the ballot be counted?

## V

Is ballot No. 3 a valid ballot?

## VI

If the answer to question No. V is in the affirmative, for whom should the ballot be counted?

## VII

Is ballot No. 4 a valid ballot?

## VIII

If the answer to question No. VII is in the affirmative, for whom should the ballot be counted?

Presented by: BISHOP
Town: PRESQUE ISLE

Order reproduced and distributed under the direction of the Clerk of the House.

HOUSE OF REPRESENTATIVES
READ AND PASSED
UNDER SUSPENSION OF RULES
JAN. 14, 1965
(s) Jerome G. Plante
Clerk

A true copy.
ATTEST: Jerome G. Plante
Jerome G. Plante, Clerk

ANSWERS TO THE JUSTICES

*To the Honorable House of Representatives*
  *of the State of Maine:*

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on January 14, 1965.

QUESTION NO. I: "Is ballot No. 1 a valid ballot?"

ANSWER: This ballot bears a symbol in the Republican Party square, and two portions of a line in the Democratic Party square, which portions could have been opposite ends of a single line partially erased or each an outside end of crossing line partially erased as shown by a photostatic copy below.

TO VOTE A STRAIGHT
TICKET MARK A CROSS (X)
OR A CHECK MARK (√)
WITHIN THIS SQUARE

TO VOTE A STRAIGHT
TICKET MARK A CROSS (X)
OR A CHECK MARK (√)
WITHIN THIS SQUARE

IF YOU DO NOT VOTE A STRAIGHT TICKET, MAKE A CROSS (X) OR A CHECK MARK (√) IN THE SQUARE AT THE RIGHT OF THE NOMINEE FOR WHOM YOU WISH TO VOTE. FOLLOW DIRECTIONS AS TO THE NUMBER OF NOMINEES TO BE ELECTED TO EACH OFFICE. YOU MAY VOTE FOR A PERSON WHOSE NAME DOES NOT APPEAR ON THE BALLOT BY WRITING IT IN THE PROPER BLANK SPACE AND MARKING A CROSS (X) OR A CHECK MARK (√) IN THE PROPER SQUARE AT THE RIGHT. DO NOT ERASE NAMES.

| REPUBLICAN | DEMOCRATIC |
|---|---|
| **For President and Vice President of the United States** | **For President and Vice President of the United States** |
| GOLDWATER and MILLER | JOHNSON and HUMPHREY |
| **For United States Senator** Vote for One | **For United States Senator** Vote for One |
| CLIFFORD G. McINTIRE, Perham | EDMUND S. MUSKIE, Waterville |
| **For Representative to Congress** Vote for One | **For Representative to Congress** Vote for One |
| STANLEY R. TUPPER, Boothbay Harbor | KENNETH M. CURTIS, Cape Elizabeth |
| **For State Senator** Vote for One | **For State Senator** Vote for One |
| RICHARD W. GLASS, Belfast | DONALD J. RUTTENBERG, Searsport |
| **For Register of Probate** Vote for One | **For Register of Probate** Vote for One |
| LYTLE E. EATON, Belmont | |
| **For Sheriff** Vote for One | **For Sheriff** Vote for One |
| FREDERICK B. MESERVEY, Belfast | |
| **For County Attorney** Vote for One | **For County Attorney** Vote for One |
| ROGER F. BLAKE, Belfast | |
| **For County Commissioner** (Short Term—2 Years) Vote for One | **For County Commissioner** (Short Term—2 Years) Vote for One |
| PHILIP S. HAWKINS, Knox | PHILIP R. STEELE, Troy |
| **For County Commissioner** (Long Term—6 Years) Vote for One | **For County Commissioner** (Long Term—6 Years) Vote for One |
| CLARENCE A. PAUL, Belfast | JAMES S. FROST, Swanville |
| **For Representative to the Legislature** Vote for One | **For Representative to the Legislature** Vote for One |
| JOHN A. BURWELL, Unity | HERBERT E. RYAN, Brooks |

Challenge to the validity of this ballot must rest upon either (a) a faulty symbol manifesting the intent of the voter, or (b) that the symbol used is a distinguishing mark.

The statute (R. S., 1954, Chapter 3-A, § 88) Title 21, § 922 M.R.S. provides that "a voter shall mark his ballot at the general election with a (X) or a check mark (√) according to the following provisions: * * * "

The statute (R. S., Chapter 3-A, § 1) Title 21, § 1 subsection 9, defines a "distinguishing mark" as "a mark on a ballot of a type or in a place not specifically permitted by this chapter, indicating the apparent intent of the voter to make his ballot distinguishable." This statute has incorporated the holdings of prior case law.

In *Murray* v. *Waite,* 113 Me. 485, 488 it was held that a ballot having a cross "with an extra line entering into it" was valid.

> "The plain intendment of the statute seems to be that all ballots marked with a cross in the square at the head of the column shall be counted, if the intention of the voter can be ascertained, no matter whatever other casual, accidental, mistaken or unnecessary marks the voter may have placed upon the ballot, provided the same are not deemed to have been fraudulently made." *Libby* v. *English* 110 Me. 449, 455, followed in *Murray, supra.*

In Opinion of the Justices 124 Me. 490, ballots were under examination where the cross on the square bore an additional mark or marks in, through or across it and the court said:

> "We think all these should be counted. They are all crosses and more, and the more did not vitiate the cross. In the absence of any evidence of intentional fraud in making them as distinguishing marks, they are not to be rejected."

The fact that a cross is irregular, does not of itself vitiate the ballot. *Frothingham* v. *Woodside,* 122 Me. 525, 535.

In so far as the symbol is a cross, though modified, this ballot is valid.

As to its characteristic as a distinguishing mark, our law was declared in *Bartlett* v. *McIntire,* 108 Me. 161, when the court said:

> "After a careful consideration of the subject in view of the purpose of the law and the sacredness of the right of franchise, we are of opinion that before a ballot is rejected because of an alleged distinguishing mark, we should be satisfied from an inspection of the ballot itself, which is the only evidence before us, of three things:
>
> "First, that the mark is in fact a distinguishing mark, that is a mark or device of such a character as to distinguish this ballot from others.
>
> "Second, that it was made intentionally and not accidentally.
>
> "Third, that it was intended to be a distinguishing mark. In other words we think no ballot should be rejected on the ground of bearing a distinguishing mark unless it is such a one as fairly imports, upon its face, design and a dishonest purpose.
>
> "A mark upon a ballot may be a distinguishing mark in fact, and yet be of such a character as to show that it was accidentally made, or even that it was intentionally made, but for some other purpose than a distinguishing mark, because a distinguishing mark in fact is not necessarily a distinguishing mark in law."

As to the remnants of a symbol in the Democratic Party square, the erasure, if any there were, without breaking the paper does not make the ballot a mutilated ballot. *Murray, supra,* at 488. Within the Democratic Party square on this ballot is the appearance of a single line intended as part of a cross, with a change of mind or dis-

covery of a mistake on the part of the voter, and an attempt to erase the line followed with an "emphasized" cross in the Republican Party square. Applying the principles reviewed above, Ballot No. 1 is a valid ballot.

QUESTION NO. II: "If the answer to question No. I is in the affirmative, for whom should the ballot be counted?"

ANSWER: Ballot No. 1 should be counted for John A. Burwell.

QUESTION NO. III: "Is ballot No. 2 a valid ballot?"

ANSWER: Ballot No. 2 bears a symbol in the Democratic Party square and a short line in the square after the names of the candidates for President and Vice President of the United States, as shown by the following photostatic copy.

TO VOTE A STRAIGHT
TICKET MARK A CROSS (X)
OR A CHECK MARK (√)
WITHIN THIS SQUARE

TO VOTE A STRAIGHT
TICKET MARK A CROSS (X)
OR A CHECK MARK (√)
WITHIN THIS SQUARE

IF YOU DO NOT VOTE A STRAIGHT TICKET, MAKE A CROSS (X) OR A CHECK MARK (√) IN THE SQUARE AT THE RIGHT OF THE NOMINEE FOR WHOM YOU WISH TO VOTE. FOLLOW DIRECTIONS AS TO THE NUMBER OF NOMINEES TO BE ELECTED TO EACH OFFICE. YOU MAY VOTE FOR A PERSON WHOSE NAME DOES NOT APPEAR ON THE BALLOT BY WRITING IT IN THE PROPER BLANK SPACE AND MARKING A CROSS (X) OR A CHECK MARK (√) IN THE PROPER SQUARE·AT THE RIGHT. DO NOT ERASE NAMES.

| REPUBLICAN | DEMOCRATIC |
|---|---|
| **For President and Vice President of the United States** | **For President and Vice President of the United States** |
| GOLDWATER and MILLER | JOHNSON and HUMPHREY |
| **For United States Senator** Vote for One | **For United States Senator** Vote for One |
| CLIFFORD G. McINTIRE, Perham | EDMUND S. MUSKIE, Waterville |
| **For Representative to Congress** Vote for One | **For Representative to Congress** Vote for One |
| STANLEY R. TUPPER, Boothbay Harbor | KENNETH M. CURTIS, Cape Elizabeth |
| **For State Senator** Vote for One | **For State Senator** Vote for One |
| RICHARD W. GLASS, Belfast | DONALD J. RUTTENBERG, Searsport |
| **For Register of Probate** Vote for One | **For Register of Probate** Vote for One |
| LYTLE E. EATON, Belmont | |
| **For Sheriff** Vote for One | **For Sheriff** Vote for One |
| FREDERICK B. MESERVEY, Belfast | |
| **For County Attorney** Vote for One | **For County Attorney** Vote for One |
| ROGER F. BLAKE, Belfast | |
| **For County Commissioner (Short Term—2 Years)** Vote for One | **For County Commissioner (Short Term—2 Years)** Vote for One |
| PHILIP S. HAWKINS, Knox | PHILIP R. STEELE, Troy |
| **For County Commissioner (Long Term—6 Years)** Vote for One | **For County Commissioner (Long Term—6 Years)** Vote for One |
| CLARENCE A. PAUL, Belfast | JAMES S. FROST, Swanville |
| **For Representative to the Legislature** Vote for One | **For Representative to the Legislature** Vote for One |
| JOHN A. BURWELL, Unity | HERBERT E. RYAN, Brooks |

The symbol qualifies as a cross. The intent of the elector to vote a straight ticket is clear. The small line in the square after the names of the Presidential and Vice Presidential candidates neither adds nor detracts from the clearly expressed intent and do not justify a conclusion that it is a distinguishing mark in law. Applying the principles expressed in answer to Question No. I, Question No. III is answered in the affirmative.

QUESTION NO. IV: "If the answer to question No. III is in the affirmative, for whom should the ballot be counted?"

ANSWER: Ballot No. 2 should be counted for Herbert E. Ryan.

QUESTION NO. V: "Is ballot No. 3 a valid ballot?"

ANSWER: Ballot No. 3 has a symbol in the Republican Party square as shown by photostatic copy below.

TO VOTE A STRAIGHT
TICKET MARK A CROSS (X)
OR A CHECK MARK (√)
WITHIN THIS SQUARE

TO VOTE A STRAIGHT
TICKET MARK A CROSS (X)
OR A CHECK MARK (√)
WITHIN THIS SQUARE

IF YOU DO NOT VOTE A STRAIGHT TICKET, MAKE A CROSS (X) OR A CHECK MARK (√) IN THE SQUARE AT THE RIGHT OF THE NOMINEE FOR WHOM YOU WISH TO VOTE. FOLLOW DIRECTIONS AS TO THE NUMBER OF NOMINEES TO BE ELECTED TO EACH OFFICE. YOU MAY VOTE FOR A PERSON WHOSE NAME DOES NOT APPEAR ON THE BALLOT BY WRITING IT IN THE PROPER BLANK SPACE AND MARKING A CROSS (X) OR A CHECK MARK (√) IN THE PROPER SQUARE·AT THE RIGHT. DO NOT ERASE NAMES.

## REPUBLICAN

**For President and Vice President of the United States**

GOLDWATER and MILLER ☒

**For United States Senator**
Vote for One

CLIFFORD G. McINTIRE, Perham ☒

**For Representative to Congress**
Vote for One

STANLEY R. TUPPER, Boothbay Harbor ☒

**For State Senator**
Vote for One

RICHARD W. GLASS, Belfast ☒

**For Register of Probate**
Vote for One

LYTLE E. EATON, Belmont ☒

**For Sheriff**
Vote for One

FREDERICK B. MESERVEY, Belfast ☒

**For County Attorney**
Vote for One

ROGER F. BLAKE, Belfast ☒

**For County Commissioner**
(Short Term—2 Years)
Vote for One

PHILIP S. HAWKINS, Knox ☐

**For County Commissioner**
(Long Term—6 Years)
Vote for One

CLARENCE A. PAUL, Belfast ☒

**For Representative to the Legislature**
Vote for One

JOHN A. BURWELL, Unity ☑

## DEMOCRATIC

**For President and Vice President of the United States**

JOHNSON and HUMPHREY ☐

**For United States Senator**
Vote for One

EDMUND S MUSKIE, Waterville ☐

**For Representative to Congress**
Vote for One

KENNETH M. CURTIS, Cape Elizabeth ☐

**For State Senator**
Vote for One

DONALD J. RUTTENBERG, Searsport ☐

**For Register of Probate**
Vote for One

**For Sheriff**
Vote for One

**For County Attorney**
Vote for One

**For County Commissioner**
(Short Term—2 Years)
Vote for One

PHILIP R. STEELE, Troy ☐

**For County Commissioner**
(Long Term—6 Years)
Vote for One

JAMES S. FROST, Swanville ☐

**For Representative to the Legislature**
Vote for One

HERBERT E. RYAN, Brooks ☐

In addition to the symbol in the Republican Party square, crosses are placed in each square after the names of the several candidates including the name of John A. Burwell. The symbol in the party square is an acceptable cross to indicate the voter's intention to vote a straight ticket, and the additional crosses after the name of each candidate in the party column must be interpreted either as an act of the elector to make his intent doubly clear or as a "distinguishing mark."

> "The general rule regarding the validity of ballots which are properly marked by crosses, yet contain an additional mark, is that where the additional marks are not intended to distinguish the ballot and are of such a character that they cannot identify the voter afterward, ballots so marked are considered to be valid unless they contravene some express statute." 18 Am. Jur., Elections § 188. See also § 187.

While election statutes throughout the country are peculiar to their respective states, the following cases support the rule above quoted upon facts which closely parallel those before us. *Potts* v. *Folsom,* 104 P. 353 (Okla. 1909) ; *State* v. *Clark,* 182 P. (2nd) 68, [2] 72 (Wash. 1947) ; *Spurrier* v. *McLennan,* 88 N. W. 1062, ¶ 5 1064 (Iowa 1902) ; *Whittam* v. *Zahorik,* 59 N. W. 57, ¶ 2 61 (Iowa 1894) ; and *Appeal of Gallagher,* 41 A. (2nd) 630, [1-4] 631 (Pa. 1945).

In *Libby, supra,* at page 455, and quoted above, we have said that "unnecessary" marks, innocently made, do not vitiate the ballot. The applicable statute (R. S., 1954, Chapter 3-A, § 88) Title 21, § 922, prescribing the manner by which an elector may vote a straight ticket (originating in a new draft of the laws pertaining to elections by P. L., 1961, Chapter 360, § 1) makes it *mandatory* that the voter mark his ballot by either a cross (X) or a check mark (√) but in voting a straight ticket those marks *may* be applied

in either of two ways, — a mark in the party square or a mark in the square at the right of (the name of) each nominee for whom he wishes to vote. Mandate in one clause and permission in the other are significant. We cannot say that the legislature intended (by P. L., 1961, Chapter 360, § 1 incorporated in R. S., 1954, Chapter 3-A, § 88 and now Title 21, § 922) to nullify ballots which clearly evidence the intention of the voter and merely contain additional "unnecessary" marks innocently made. Applying these principles and those expressed in answer to Question No. I, we find that the superfluous crosses are not distinguished marks and that Ballot No. 3 is a valid ballot.

QUESTION NO. VI: "If the answer to question No. V is in the affirmative, for whom should the ballot be counted?"

ANSWER: Ballot No. 3 should be counted for John A. Burwell.

QUESTION NO. VII: "Is ballot No. 4 a valid ballot?"

ANSWER: Ballot No. 4 contains a check mark in the Democratic Party column after the name of the Presidential and Vice Presidential candidates; a check mark in the square after the name of the candidate for United States Senator; a cross in the square after the name of the Representative to Congress and a symbol in the square after the name of John A. Burwell in the Republican Party column as shown in the photostatic copy below.

TO VOTE A STRAIGHT
TICKET MARK A CROSS (X)
OR A CHECK MARK (√)
WITHIN THIS SQUARE

TO VOTE A STRAIGHT
TICKET MARK A CROSS (X)
OR A CHECK MARK (√)
WITHIN THIS SQUARE

IF YOU DO NOT VOTE A STRAIGHT TICKET, MAKE A CROSS (X) OR A CHECK MARK (√) IN THE SQUARE AT THE RIGHT OF THE NOMINEE FOR WHOM YOU WISH TO VOTE. FOLLOW DIRECTIONS AS TO THE NUMBER OF NOMINEES TO BE ELECTED TO EACH OFFICE. YOU MAY VOTE FOR A PERSON WHOSE NAME DOES NOT APPEAR ON THE BALLOT BY WRITING IT IN THE PROPER BLANK SPACE AND MARKING A CROSS (X) OR A CHECK MARK (√) IN THE PROPER SQUARE AT THE RIGHT. DO NOT ERASE NAMES.

| REPUBLICAN | DEMOCRATIC |
|---|---|
| **For President and Vice President** of the United States | **For President and Vice President** of the United States |
| GOLDWATER and MILLER ☐ | JOHNSON and HUMPHREY ☑ |
| ☐ | ☐ |
| **For United States Senator** Vote for One | **For United States Senator** Vote for One |
| CLIFFORD G. McINTIRE, Perham ☐ | EDMUND S. MUSKIE, Waterville ☑ |
| ☐ | ☐ |
| **For Representative to Congress** Vote for One | **For Representative to Congress** Vote for One |
| STANLEY R. TUPPER, Boothbay Harbor ☐ | KENNETH M. CURTIS, Cape Elizabeth ☐ |
| ☐ | ☐ |
| **For State Senator** Vote for One | **For State Senator** Vote for One |
| RICHARD W. GLASS, Belfast ☐ | DONALD J. RUTTENBERG, Searsport ☐ |
| ☐ | ☐ |
| **For Register of Probate** Vote for One | **For Register of Probate** Vote for One |
| LYTLE E. EATON, Belmont ☐ | ☐ |
| ☐ | |
| **For Sheriff** Vote for One | **For Sheriff** Vote for One |
| FREDERICK B. MESERVEY, Belfast ☐ | ☐ |
| ☐ | |
| **For County Attorney** Vote for One | **For County Attorney** Vote for One |
| ROGER F. BLAKE, Belfast ☐ | ☐ |
| ☐ | |
| **For County Commissioner** (Short Term—2 Years) Vote for One | **For County Commissioner** (Short Term—2 Years) Vote for One |
| PHILIP S. HAWKINS, Knox ☐ | PHILIP R. STEELE, Troy ☐ |
| ☐ | ☐ |
| **For County Commissioner** (Long Term—6 Years) Vote for One | **For County Commissioner** (Long Term—6 Years) Vote for One |
| CLARENCE A. PAUL, Belfast ☐ | JAMES S. FROST, Swanville ☐ |
| ☐ | ☐ |
| **For Representative to the Legislature** Vote for One | **For Representative to the Legislature** Vote for One |
| JOHN A. BURWELL, Unity ☑ | HERBERT E. RYAN, Brooks ☐ |
| ☐ | ☐ |

4

46

This symbol might be accepted as either a cross or a check mark and its peculiarity alone does not justify a conclusion that it was intended as a distinguishing mark. Applying the principles expressed in answer to Question No. I, Ballot No. 4 is a valid ballot.

QUESTION NO. VIII: "If the answer to question No. VII is in the affirmative, for whom should the ballot be counted?"

ANSWER: Ballot No. 4 should be counted for John A. Burwell.

Dated at Augusta, Maine, this 26th day of January, 1965.

Respectfully submitted:

s/ ROBERT B. WILLIAMSON

s/ DONALD W. WEBBER

s/ WALTER M. TAPLEY, JR.

s/ FRANCIS W. SULLIVAN

s/ CECIL J. SIDDALL

s/ HAROLD C. MARDEN