McCARTNEY v MAYOR, CITY OF NORTON SHORES

Docket No. 62267. Submitted October 7, 1982, at Grand Rapids.—
Decided December 16, 1982. Leave to appeal denied, 417 Mich
1085.

Robert McCartney and Merrill Bailey, both candidates for the
office of mayor of the City of Norton Shores, received the same
number of ballots in the election. One absentee ballot, appar-
ently cast in favor of McCartney, was not counted because it
was improperly marked. In order to break the stalemate,
McCartney and Bailey drew lots. Bailey won and was named
mayor. McCartney, by special leave of the Muskegon Circuit
Court, filed a quo warranto complaint against Bailey, as mayor
of the City of Norton Shores, the city clerk of the City of
Norton Shores, and the Muskegon County Board of Canvassers,
seeking to have Bailey removed from office and himself named
as mayor. The court, Ronald H. Pannucci, J., granted summary
judgment in favor of defendants while denying accelerated
judgment in favor of plaintiff. Plaintiff appeals and defendants
cross appeal. *Held:*

1. The trial court's order granting summary judgment was
proper. The statutes governing elections are clear and provide
that ballots which are not marked with a cross to designate the
intention of the voter shall not be counted. The absentee ballot
not counted in this case was clearly marked with a check mark.

2. The case is disposed of on plaintiff's appeal. The issues
raised by defendants on their cross-appeal need not be ad-
dressed.

Affirmed.

1. ELECTIONS — COUNTING OF VOTES — MARKING OF BALLOTS.

The statute governing the counting and recounting of election
votes provides that a ballot marked with other than a cross is
not to be counted (MCL 168.803; MSA 6.1803).

2. ELECTIONS — INTENT OF VOTER — STATUTORY REQUIREMENTS.

A conflict between a voter's intent and the clear statutory re-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 26 Am Jur 2d, Elections § 257 *et seq.*
[2] 26 Am Jur 2d, Elections § 271.

quirements of the statute governing the counting and recounting of votes is controlled by the statute (MCL 168.803; MSA 6.1803).

*Libner, Van Leuven & Kortering, P.C.* (by *Vernon D. Kortering*), for plaintiff.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Donald M. Bailey*), for Merrill Bailey.

*O'Toole, Stevens, Johnson, Knowlton, Potter & Rolf* (by *G. Thomas Johnson*), for Dorothy Harjer.

*Knudsen, Wasiura & Associates, P.C.* (by *Harry J. Knudsen*), for Muskegon County Board of Canvassers.

Before: R. B. BURNS, P.J., and MacKENZIE and T. L. BROWN,* JJ.

PER CURIAM. Upon the granting of special leave by the circuit court, plaintiff filed a quo warranto complaint in order to remove Merrill Bailey from the office of Mayor of Norton Shores and replace Bailey with himself. Summary judgment was granted in favor of all defendants while accelerated judgment in favor of plaintiff was denied. Plaintiff appeals as of right. Defendants cross appeal.

Plaintiff and Bailey received the same number of votes in the November, 1981, Norton Shores mayoral election. One absentee ballot marked with a check mark instead of a cross was not counted. Had the vote been counted, plaintiff would have won the election. Instead, the candidates drew lots and Bailey was named mayor.

Michigan statutes governing elections are clear.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 168.803; MSA 6.1803 provides in pertinent part:

"3. Marks other than crosses used to designate the intention of the voter shall not be counted.

*     *     *

"5. * * * This provision shall not be construed as validating so-called 'check marks'."

While a voter's intent is of great importance, where intent conflicts with clear statutory requirements, the statute controls. *McNally v Wayne County Bd of Canvassers,* 316 Mich 551; 25 NW2d 613 (1947). While appellate courts are free to overrule their own existing case law, they must generally follow the clear dictates of the Legislature as they appear in unambiguous statutes. Although the election statute governing the marking of ballots may result in the loss of some votes, comprehensive and uniform guidelines are necessary in order to ensure that elections are conducted fairly, impartially, and efficiently. Any other rule would result in endless confusion and would make the local inspectors judges of the voters' intentions. Given the clarity of the statute, the trial court's order granting summary judgment was proper.

This case is disposed of on plaintiff's appeal. We therefore do not address the issue raised by defendants on their cross-appeal.

Affirmed.